JAMES B. CROSS and CLARK SHEPARDSON,
Plaintiffs in Error,

*vs.*

EDWARD BUTTON, Defendant in Error.

ERROR TO MILWAUKEE CIRCUIT COURT.

Where the assignee of the lessor brings an action for breach of covenant for the non-payment of rent, against the assignee of the lessee, counting upon the lease and the breach as stated, the plea of *non est factum* by such defendant, is bad.

The liability of the defendant in such case arises out of his privity of estate, not his privity of contract.

A. leased a lot to B., or assigns; A. sold and assigned the premises and lease to C., and B. assigned his lease to D., who went into possession, and occupied under the lease; C. sued D. in an action of covenant, assigning for breach the non-payment of rent; D. pleaded *non est factum*. Held bad.

THIS was an action of covenant commenced in the County Court of Milwaukee county, to recover damages for breaches of covenants contained in a certain indenture of lease, bearing date the 23d day of January, A. D. 1846, made and executed by Ira Couch, of the first part, and Dexter Taft and William H. Spurr, of the second part, as modified by a certain supplemental agreement, made by the same parties, and bearing date the 17th day of February, A. D. 1846. The action was brought by the plaintiffs in error, as assignees, under the said Couch, of the reversion of the premises demised by the said indenture, and of all the right, title and interest of the said Couch in and to the said indenture, and to the rents, issues and profits to be derived therefrom, against the defendant in error, as assignee under the said Taft and Spurr, of the term created by said indenture. The declaration contains two counts; the one upon a covenant for the payment of rent, and the other upon a covenant for the payment of taxes, as provided in said indenture. The plaintiffs in error aver breaches of said covenants by the defendant in error, and say that they have sustained damages by reason thereof, and claim judgment for the amount of said damages.

To the said declaration, the defendant made and filed the following plea, and with it gave notice, in the usual manner, of special matter, as defences to the said action :

[*Title, &c.*] "And the said Edward Button, defendant, by Joshua Stark, his attorney, comes and defends the wrong and injury, when, &c. ; and as to the said several supposed breaches of covenant above assigned in said declaration of the said plaintiffs herein, he, the said defendant, says that the said supposed indenture and supplemental agreement are not, and that neither of them is his deed, and of this he puts himself upon the country, &c."

To the said plea, the plaintiffs in error demurred, in the usual form ; which demurrer was, after argument, overruled by the court, and judgment was rendered and entered for the defendant in error, for costs ; to reverse which this writ of error has been brought.

*Yates & Frazer*, for the plaintiff in error, argued the following points :

1. The obligation of the defendant to perform the covenants contained in the lease and supplemental agreement, arose, if at all, in virtue of the *privity of estate* created by operation of law upon the transfer, by assignment, of the respective interests of the immediate parties to the lease and supplemental agreement to the parties in this action, as stated in the declaration, and not by reason of any *privity of contract* between the plaintiffs and defendant. The declaration does not charge the defendant with having executed the lease and supplemental agreement, or either of them, neither could it, in truth, have been so averred in the declaration, for an allegation to that effect, would not be in accordance with the fact ; nor, indeed, was it necessary or proper so to aver, inasmuch as the defendant's liability, if liable in any event, is not founded upon *privity of contract* as though he was an immediate party to the lease and supplemental agreement, but upon a principle of law entirely different, that of *privity of estate*, as already stated. So that, admitting the plea to be true in fact, it is no bar to the action. *Gould's Pleading, chap.* 3, § 116, *et seq. and authorities there cited.*

2. The defendant by his plea, takes issue upon matter not alleged in the declaration, thereby tendering an *immaterial issue*. The issue thus tendered, is, of course, ill in substance, since the finding either way upon the allegation of the plea, would not enable the court to discover which party would be entitled to judgment. *Gould's Pleading, chap.* 6, § 27 ; 1 *Chitty's Pleading*, 567 ; *Strang et al. vs. Smith*, 3 *Caines' Rep.* 163 ; *Cobb vs. Bryan*, 3 *Bos. & Pul.* 348, 352 ; *Stafford vs. Corporation of Albany*, 6 *John Rep.* 1.

3. The issue thus tendered being *immaterial*, and therefore ill in substance, the defect is reached by general demurrer as interposed in this case. The defect being radical and substantial, is not aided on general demurrer. 1 *Chitty's Pleading*, 574 ; *Snyder vs. Gray*, 2 *John. Rep.* 428 ; *Gould's Pleading, chap.* 9, §§ 17, 18.

*J. Stark*, for the defendant in error :

The defendant's plea is a good plea of *non est factum*.

The words inserted by the defendant in the common form, found in the books of precedents, do not limit or qualify the meaning of the remainder.

The defendant, " as to the said several supposed breaches of covenant above assigned in said declaration of the said plaintiffs herein," denies that the said indenture is his deed.

The words quoted are wholly immaterial to the plea, do not add to or qualify the effect of it in any way, and should therefore be treated as surplusage.

This action is technically styled " a plea of *breach of covenant*," in all writs, &c. (*see Chitty's Pleadings, Precedents*) ; and in pleading specially to parts of the declaration in covenant, such special plea commences with the words, " and for a further plea, &c., *as to the said breach of covenant* by the said plaintiff, in the said declaration (first) above assigned, the said defendant, &c." *See Chitty's Pleadings*, 1005.

The declaration in covenant is therefore upon the breaches, and the plea is to the breaches assigned.

The words inserted in defendant's plea of *non est factum*, are merely equivalent to the words, " as to the said declaration," or

" as to this suit," or, " as to the said cause of action," which are clearly superfluous and harmless. The inserted words effect nothing, but simply refer to the declaration as that to which the plea was intended to apply.

The breaches in covenant may be several, as the counts may be in assumpsit. In the latter action, the pleas are to the whole cause of action or to the counts singly ; in the former, the pleas are to the whole cause of action or to the breaches singly.

If a defendant, however, should, in pleading non-assumpsit, say that " as to the said *several counts* in said declaration contained," he did not promise, &c., would it be more or less than the general issue ? would not the denial of the undertaking be direct and unequivocal and go to the whole action ?

So it is in this case. The denial covers the whole ground of the plaintiff's action.

The court, in this action, will not consider, in determining the merits, *any part* of a contract that is not properly set out in pleading and *material* to support the *breaches* of covenant assigned.

The reference to " the said several supposed breaches of covenant, above assigned in said declaration," is a reference to all the breaches assigned, and thus to the whole contract set forth in the declaration, which is material to the cause, and of which the court will take cognizance.

Again : the declaration sets forth the covenants for payment of rent and of taxes *only* (see printed case), of both of which it alleges breaches. To the court this is the whole indenture, and the plea clearly denies its execution.

The plea of *non est factum* is in effect the denial by the defendant that he executed any indenture containing such conditions and covenants whereof breaches are assigned.

Such is the plea in this case. It is a simple denial by the defendant of the execution of an instrument of the purport and effect set forth, or containing such obligations as it is alleged he has broken.

Again : the plea of *non est factum*, in effect, covers only that particular part of the contract which the plaintiff alleges the de-

fendant to have broken. The plaintiff is not required to set out more, and if he should, it would not affect his action, the gist of which is damages for the breach. If *no breach* is alleged, its omission cannot be cured or aided even by verdict.

As the only *material* part of the contract counted upon in the declaration, is that for the failure of which the plaintiff sues, and as a breach of that part must be alleged, in order to found any claim of damages thereon, it follows that a denial of the contract " *as to the breaches alleged*," is a denial of the *whole* contract upon which the plaintiff has based his action. All that the indenture may contain beyond this is wholly immaterial to the particular action, and is treated as no part of the contract, in determining the *merits* of the action.

If the plaintiffs' objection to the plea is merely to the form, and that the defendant has departed from the precedents and produced a special plea amounting to the plea of *non est factum*, he should have demurred specially, stating this as the ground of demurrer. The demurrer is, however, general.

*Per Curiam.* We think that the plea in this case is bad. The liability of the defendant below is predicated upon his privity of estate, not of contract; hence the plea of *non est factum* is not responsive to the declaration, and can be no bar to the action. The defendant's liability to pay rent did not depend upon any contract made by him with the plaintiffs below, but arose out of his relation as the assignee of the original lessees. It is obvious, therefore, that it was quite immaterial whether the lease upon which the plaintiffs below counted, was or was not the deed of the defendant below.

The demurrer was well taken, and should have been sustained.