## MARINER VS. CROCKER, RECEIVER &C.

18      251
59 LRA 676n
59 LRA 683n

The presumption that a party, other than the lessee, found in possession of leased premises holds under an assignment of the lease, may be rebutted by proof that he never, in fact, had such an assignment.

A party sought to be charged with rent as assignee of a lease running to a railroad company, proved that he had been appointed receiver of said company by the U. S. district court, in actions against the company; that at the time of such appointment, one D. was in possession of the road and its appurtenances (including the premises in question), as trustee of a second mortgage on the road; that on his presenting his order of appointment to D., the latter surrendered to him possession of the premises and all other property connected with the road; and that he (defendant) did not know that plaintiff claimed rent until sometime afterwards, when plaintiff informed him of the lease and demanded the rent then due by its terms, which defendant declined to pay. *Held*, that this testimony showed conclusively that defendant was not in possession of the premises as assignee of the lease, and could not be held liable in this action.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought against the defendant as receiver of the La Crosse & Milwaukee Railroad Company, to recover rent for a certain building in the city of Milwaukee, alleged to have been occupied by the defendant as assignee of a lease thereof from the plaintiff. The complaint alleges in substance that the plaintiff demised the premises to Selah Chamberlain for one year from April 1, 1850, with the privilege to the lessee of extending the term to four years; that he put Chamberlain into possession and kept him in the quiet and peaceable possession until May 1, 1860, during which period Chamberlain occupied the premises as a depot for the La Crosse & Milwaukee Railroad; that on the day last mentioned Cham-

berlain assigned the lease and delivered possession of the premises to Greene C. Bronson and James T. Soutter; that Bronson and Soutter occupied the premises as such railroad depot, and paid the plaintiff the rent due upon said lease according to its terms up to the 1st of April, 1861; that in June, 1860, the defendant was appointed receiver of said La Crosse & Milwaukee Railroad by the United States court for the district of Wisconsin, at the suit of said Bronson and Soutter; that shortly afterward Bronson and Soutter assigned the lease and delivered possession of the building to the defendant, who has since occupied the building under the lease, as a depot for said railroad; and that four quarterly installments of rent are due, according to the terms of the lease, the first of which fell due April 1, 1861.—The defendant, by his answer, admits that he was appointed receiver of said road in June, 1860, and that on the 11th of that month by virtue of such appointment he took possession of the railroad and its appurtenances, and has ever since been in possession of the same, but denies that he was so appointed at the suit of Greene C. Bronson and James T. Soutter, or that they ever assigned or transferred to him a lease of the premises in question. He also admits that he has paid no rent for the premises to any person, but denies all the other allegations of the complaint. For a further answer the defendant recites his appointment as receiver of said road west of Portage City, in May, 1860, by an order of said district court, in an action against the railroad company in which Greene C. Bronson, James T. Soutter and Shepherd Knapp were complainants; his subsequent appointment as receiver of the whole of said road and the property of said company, on the 9th of June following, by order of the same court in an action wherein one Howard was complainant; his taking possession of the road by virtue of such appointment on the 11th of said month of June, and his continued possession as such receiver. He then alleges that the premises described in the complaint are a part of the property of said La Crosse &

Milwaukee Railroad Company, and that he took possession of the same on said 11th of June, and still retains possession of them as such.

The circuit court found that the defendant entered under Bronson and Soutter, as assignee of the lease. The evidence upon which this finding was based is sufficiently stated in the opinion of this court. Judgment for the plaintiff; from which the defendant appealed.

*Cary & Pratt*, for appellant.

*E. Mariner*, in person:

A third person who enters by permission of the tenant, becomes, as to the possession, a tenant, and is unable to contest the right to possession with the landlord (even though he might, by reason of his better title, eject the landlord by an action at law), until he has first surrendered the possession obtained from the tenant. *Doe ex dem. Knight v. Smythe*, 4 M. & S., 347; *Doe ex dem. Bullen v. Mills*, 2 Ad. & Ellis, 17. One found in possession with the assent of the tenant is presumed to be in as assignee unless the contrary be shown. In *Cross v. Upson* this court appears to hold that the contrary may be shown merely by disproving the fact of an assignment, without showing any different right to occupy; but this case lacks such proof. Apart from that case the law would seem clear, that when facts are proved from which the law implies an assignment, the consequences which follow an actual assignment must follow from the proof of those facts, even though it should be certainly proved that no assignment had been executed; and that the presumption of law cannot be done away with except by proving some new fact which shows a right to occupy under a different tenancy. In the case at bar there is not only nothing to do away with the presumption of assignment, as in *Cross v. Upson*, but there is the additional fact that it does not appear that Bronson and Soutter, or any other person, had *the reversion of the term*, but on the contrary it appears that the appellant occupied and proposed to occupy for the

entire term and an indefinite time beyond.—In brief, the plaintiff's tenant, during the term, let the defendant into possession. If he is not in under the plaintiff, then a tenant who cannot dispute a landlord's title, may let in one who can. If the defendant is in under the plaintiff, he is in as assignee by legal intendment, unless a different holding is shown.

*By the Court*, COLE, J. It is impossible to distinguish this case in principle from that of *Cross v. Upson*, 17 Wis., 618. It was there held, in effect, that the presumption that a party found in possession of demised premises was there as assignee of the lessee, was but a presumption liable to be rebutted or disproved by sufficient evidence that such person never in fact had an assignment of the lease. The action is for rent on the covenants of the lease, and it is sought to charge the appellant as assignee. The assignment is denied, and no actual assignment is attempted to be shown. But from the fact that the appellant is in possession, the law, it is said, implies an assignment, and this implication or presumption cannot be done away with except by disclosing the true state of the title. The fact of an assignment was most effectually disproved in this case. The appellant swears that he took possession of the premises as receiver of the La Crosse & Milwaukee Railroad, under two appointments from the United States district court for this state in two certain actions pending in that court against that corporation. He says that at the time of his appointment Dow was in possession of the road and its appurtenances, including the premises in question, claiming such possession in behalf of the trustees of the second mortgage of the east division of the road. On presenting his orders of appointment to Dow, the latter surrendered to him the possession of the premises and all other property connected with the road. He further states that he did not know that the plaintiff claimed rent until April, 1861, when the plaintiff called upon him and informed him of the lease, and demanded the rent which

was then due by its terms, which appellant declined to pay. This testimony shows clearly and conclusively that the appellant was not in possession of the premises as assignee of the lease, but had gone into possession solely by virtue of his appointment as receiver of the road. It effectually disproves the fact of assignment, and overcomes the presumption arising from possession, which was relied on to render the appellant liable as assignee. Whether the appellant could be held liable for the rent under some other form of action, we shall not attempt to decide. It is sought now to hold him liable as assignee, and in order to do this the fact of assignment becomes material and important.

The judgment of the circuit court is reversed, and a new trial ordered.