## CHASE VS. DEARBORN.

LANDLORD AND TENANT : *Statutory proceeding against tenant holding over : Defense, that landlord's title has terminated : Tax title in third party : Tax deed does not operate as assignment of lease, nor change the possession.*

21  57
89  564

1. In *ejectment* by landlord against tenant holding over, the latter may defend on the ground that the title has passed from plaintiff since the commencement of

his term.  But whether this defense can be set up in a summary proceeding by the landlord under the statute (ch. 151, R. S.), *quære.*

2. In such a proceeding defendant cannot set up a *tax title* in a third party, acquired since the commencement of his term.

3. When leased premises are deeded for taxes, the tax deed does not operate as an assignment of the lease to the grantee in such deed, nor in any way change the possession.

4. Such grantee cannot convey the premises in such a case, they being in the possession of one claiming adversely.

5. Whether the tenant, during his term, might have attorned to the grantee in the tax deed, and thus have put him in possession, it was not necessary to decide in this case.

APPEAL from the Circuit Court for *Rock* County.

The case is sufficiently stated by the court.   The defendant appealed from a judgment in favor of the plaintiff.

*Chas. G. Williams,* for appellant, contended, 1. That a tenant is not estopped from showing that his landlord's title has terminated.    Archb. Landlord & T., 219, 296;  1 Phil. Ev., 363 and note 5 ; *Jackson v. Davis,* 5 Cow., 123, 135 ; *England v. Slade,* 4 Term,  682 ;  5 Barn. & Ald.,  10, 65 ;  Adams on Ej., 315, note 1.    2. That an attornment of *Dearborn* to Mrs. Dearborn would be valid (under R. S., ch. 91, sec. 1, subd. 2) as being made " pursuant to or in consequence of a judgment or order of a court of competent jurisdiction."*    3. That a grant

* By ch. 7 of the charter of the city of Janesville (in which the premises in controversy are situate), the circuit court is authorized, on the filing of a certain report of the city treasurer with the clerk of said court, together with certain affidavits, to *enter judgment* against lands for delinquent taxes and charges, and the treasurer sells the lands against which the judgments are rendered, on an *order of court,* after publication of a notice of the sale.   The owner of the lands, his creditors or assigns, are allowed three years to redeem ; after which, the lands not being redeemed, the treasurer is to execute a deed to the purchaser or his assignee of the certificate ; and any action for the recovery of lands so sold (except where the taxes have been paid or the land redeemed), must be commenced within one year from the recording of the deed.   It is further provided that " in all controversies and suits involving the title to land claimed and held under and by virtue of such deed, the person or persons claiming title *adverse* to the title conveyed by such deed, shall be required to prove, in order to defeat the said title," either that the land was not subject to the tax, or had not been assessed therefor,  or had been redeemed, or the tax paid.

REP.

of the land by deed would unquestionably have operated as an assignment of the lease. But " a purchase or acquisition of title under a judgment against the lessor is the same thing as if he granted by deed." *Nellis v. Lathrop*, 22 Wend., 121. The title taken by Mrs. Dearborn from Miss Call was not a " paramount, outstanding title purchased of a stranger," but was the identical title of the lessor, which had been acquired from him by operation of law. 4. That the same result follows, if the effect of the judgment for delinquent taxes was merely to extinguish the title of the plaintiff. In that case her right to the possession ceased, and Mrs. Dearborn, being in actual possession, could authorize the appellant to occupy the premises.

*J. B. Cassoday*, for respondent, contended : 1. That the defendant could not defeat an action like this under the statute, by setting up an independent, outstanding title in himself or any other person. 2. That a tenant must surrender the possession of the landlord, which he holds, before he can controvert his title. It is at least questionable whether a title bought in by the tenant does not enure to the benefit of the landlord. *Ash v. Holder*, 36 Mo., 163 (Am. Law Reg., May, 1866, p. 448); *Smith v. Lewis*, 20 Wis., 350. 3. That neither the judgment nor the tax deed provided for in the charter of Janesville, entitles the holder to a writ of assistance, nor to oust the occupant, nor to obtain possession. The law vests in the grantee only the naked "fee;" it says nothing about the *possession*. No judgment or order of the court was ever entered in pursuance of which an attornment of the defendant to Mrs. Dearborn was made. No judgment or order was made in regard to the possession. The judgment or order referred to in subdivision 2, sec. 1, ch. 91, R. S., is one that concludes the owner of the land, and carries with it his assent to the attornment; one that operates not as a *termination* or *extinguishment* of the lease, but as an *assignment* or *transfer* of it to the person attorned to. *People v. Mayor &c.*, 19 How. Pr., 296.

COLE, J.   This is a summary proceeding under chap. 151, R. S., to obtain possession of certain demised premises after the determination of the time for which they were let.   It appears that one Woodruff was the owner of the premises in contro-versy until October 12th, 1864, when he conveyed them to the plaintiff below.   The defendant with his family was at the time occupying the premises under a lease to April 23d, 1865, at an annual rent of $125, payable in monthly payments at the end of each month.   At the time of the conveyance to the plaintiff, it was understood and agreed that the defendant should thereafter pay rent to her, and he did in fact pay the rent for the remainder of the term to the plaintiff.   On the ex-piration of the lease, possession of the premises was demanded of the tenant by written notice, and this suit commenced a few days thereafter.   In the answer the defendant set up that at the time of the expiration of the lease his wife was, and for a long time prior to that time had been, seized in fee simple of the premises, and in possession thereof; and that at the de-termination of the lease he occupied and continued to occupy the premises with his wife, and by and with her consent and permission.

On the trial, to establish his defense, the defendant relied upon a tax deed from the city of Janesville to one Lucy F. Call, dated January 21st, 1865, and a quit-claim deed from Miss Call to his wife, dated January 23d, 1865.   These deeds were excluded by the court as incompetent evidence in this suit. It is claimed that the exclusion of these deeds was error; for while it is admitted that upon familiar principles the tenant is estopped from denying the title of the landlord under which he entered, yet it is said that it is still competent for him to show, in answer to this action, that the landlord's title has terminated, or, as in this case, the title has been acquired by the wife of the tenant since the taking of his lease, in bar of the landlord's claim to be put in possession.   On the

contrary it is claimed that, owing to the relations of the parties and the nature of this proceeding, the tenant cannot defeat the action and retain possession by setting up an independent, outstanding and better title, either in himself or any other person; that the proceeding is a summary one given by statute to recover the possession of demised premises, and is not intended to settle questions of conflicting titles; that if the tenant wishes to controvert the landlord's title, he must place himself in an attitude to do so by surrendering the possession, and then may bring his action.

In the action of ejectment, Lord KENYON, in *England v. Slade*, 4 Term, 681, says that it is certainly competent for the defendant to show that the lessor's title had expired, and that he had no right to turn him out of possession. The same principle is in effect affirmed in *Jackson v. Davis*, 5 Cowen, 123–135; *Nellis v. Lathrop*, 22 Wend., 121; and *Elliott v. Smith*, 23 Pa. St., 131. But whether this same rule applies in a proceeding of this nature, is a somewhat different question. In New York it is held that the statutory remedy to recover possession of demised premises after the expiration of the term, applies only where the conventional relation of landlord and tenant subsists, and not where it is created by operation of law (*Evertson v. Sutton*, 5 Wend., 281; *Oakley v. Schoonmaker*, 15 id., 226); and in *Rowan v. Lytle*, 11 Wend., 616, the court says that a tenant proceeded against under the statute cannot set up title to the premises accquired since the taking of the lease, in bar of the landlord's claim to be put in possession. In that case the defendant offered to prove that he was a tenant in common with the plaintiff of the premises in question, having, subsequently to the time he took his lease, purchased from some of the heirs of the plaintiff's father their rights in the premises, which heirs, he claimed, had an equal right with the plaintiff in the premises. The proof was held inadmissible in the action. We think, without dwelling upon this point,

however, it may be conceded for the purposes of this case, that it was entirely competent for the defendant to show, as a defense to this action, that the plaintiff had lost her title subsequent to the giving of the lease, and that his wife had acquired it, by and with whose consent and permission he was occupying the premises. Still the deeds offered in evidence did not establish these facts. When Miss Call made her conveyance to the defendant's wife in January, 1865, it is very clear the premises were in the possession of the plaintiff: that is to say, the defendant was in the actual possession of them as the tenant of the plaintiff; consequently his possession was her possession. See section 11, chap. 138, R. S. This possession was likewise under a title adverse and hostile to that of Miss Call. So that Miss Call's deed to Mrs. Dearborn was void, because the premises thereby attempted to be conveyed were at the time in the possession of a person claiming under a title adverse to the grantor. Section 7, chap. 86, R. S.

It is said, however, that the tax deed given by the city of Janesville to Miss Call, operated as an assignment or transfer of the lease in the same manner as though she had purchased the reversion at a sheriff's sale on an execution against the plaintiff, and it is argued that the defendant might have attorned to Miss Call after she took this deed in pursuance of subd. 2, sec. 1, chap. 91. But what would have been the effect of an attornment of the defendant to Miss Call we need not inquire, as no such question is presented. It is not pretended that the defendant attorned to any one, unless it was his wife, who had no title to the premises; and it can hardly be said that the proof shows that he ever attorned to her. But that the tax deed given by the city of Janesville operated as an assignment of the lease to Miss Call, is a proposition which we think cannot be sustained. For if it operated to transfer the lease, it would likewise effect a change of possession. But to our minds it is very clear that there has been no change of pos-

session in consequence of giving the tax deed. The relation of landlord and tenant still existed between the parties to this suit when the lease terminated. The grantee under the tax deeds has had no possession, either by tenant or otherwise. On the contrary, it is clear that if Miss Call does not bring her action to recover the possession within the time limited to recover land sold for taxes, she will be barred. The defendant, therefore, did not show that either he or his wife had acquired the title of the plaintiff, or even any outstanding title adverse to that of the plaintiff. And he cannot defend on the ground that the plaintiff neglected to redeem the premises, and that a tax deed has been given to some one else. This is no concern of his. He is still in possession, not under his wife, who has shown no title, but under the plaintiff, to whom it is his duty to surrender the possession.

*By the Court.*—The judgment of the circuit court is affirmed.