## WITTMAN vs. THE MILWAUKEE, LAKE SHORE & WESTERN RAILWAY COMPANY.

*December 21, 1880 — January 11, 1881.*

LANDLORD AND TENANT. *(1) Liability of one who enters under tenant. (2) Presumption as to such entry. (3, 4) Rights of landlord where term and rent not fixed by contract.*
REVERSAL OF JUDGMENT: *(5) For excessive damages.*

1. Under our statute (R. S., sec. 2189), the landlord may recover rent from one found in possession of the land and who entered under the tenant.
2. A railroad company built a spur track across plaintiff's land, paid him rent for a portion of the time the land was thus occupied, and afterwards continued the occupation with his assent, until its whole road (including said spur track) passed into defendant's hands under a foreclosure sale; and defendant continued the occupation, without any notice to plaintiff of a claim to hold adversely to him. *Held*, that the *presumption* is that defendant held as plaintiff's tenant.
3. In the absence of any agreement as to the amount of the rent, the landlord, under the statute, may recover for the use and occupation what it was reasonably worth.
4. Where the tenancy was not for any definite period, the fact that the landlord commenced proceedings against the tenant railroad company to

compel it to pay for the lot, which proceedings resulted in a surrender of the possession to him, will not prevent his recovering for the use and occupation prior to the commencement of those proceedings.

5. Where there is evidence to support the verdict as to the amount of damages, and the court below refuses a new trial, this court will not reverse as for excessive damages.

APPEAL from the Circuit Court for *Manitowoc* County.

The defendant appealed from a judgment in plaintiff's favor. The case is stated in the opinion.

For the appellant there was a brief by *Cottrill, Cary & Hanson*, and oral argument by *A. L. Cary*.

For the respondent there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner*.

TAYLOR, J. This is an action to recover for the use and occupation of a lot which the plaintiff claims to own, and which the appellant occupied with one of its spur or side tracks for two years and more. The plaintiff had judgment in the court below, and the defendant appeals, and alleges as error that the evidence does not show that the defendant occupied said lot in any way as the tenant of the plaintiff; that the plaintiff did not show that he owned the lot; and that the damages recovered were excessive. The facts show that a corporation under which defendant claims title, built the side track in question across this lot with the assent of the plaintiff, and paid the plaintiff rent for a portion of the time the same was occupied by such corporation; that such corporation, after paying such rent, continued to occupy said lot in the same way, with the assent of the plaintiff, until that, with the rest of its railroad, passed to the possession of the defendant under a foreclosure sale; and that after the defendant took possession it continued to occupy the lot in the same way that the old corporation occupied it, giving no notice to the plaintiff that it in any way questioned his right to the property, or that it claimed to hold the possession of the lot in hostility to the plaintiff's right.

Under this proof, it is unquestionable that as between the old corporation and the plaintiff the relation of landlord and tenant existed, and that an action for use and occupation would lie against that company to recover the value of the rent down to the time the possession passed from it to the present defendant. And it seems to us equally clear that the present defendant, having come into possession by purchase from the old corporation, must be presumed to know that as to the possession of this lot the old corporation was in as tenant of the plaintiff, and when they took the possession thereof from such tenant they did so as tenant also of the plaintiff. They cannot, therefore, dispute the title of the plaintiff, nor can they allege that they are holding in hostility to his title, without showing affirmatively that the plaintiff's title has terminated, or that they in fact took and held the possession in hostility to the plaintiff's right. The law treats the present defendant as the assignee of the old corporation. If the old corporation was in possession as the tenant at will of the plaintiff, or as tenant from year to year, the present corporation is presumed to be in possession as the assignee of such tenant, and holds under the same tenancy until it is in some way terminated. *Cross v. Button*, 5 Wis., 600; *Martineau v. Steele*, 14 Wis., 272; *Cross v. Upson*, 17 Wis. 618; *Mariner v. Crocker*, 18 Wis., 251; *Chase v. Dearborn*, 21 Wis., 57. The assignee of the tenant is liable to the landlord for the rent stipulated for in the lease, if any particular sum be agreed upon. And when the tenant is in without any agreement as to the amount of rent he shall pay, the plaintiff can recover under the statute, in an action for use and occupation, what the use of the premises is reasonably worth. It was said on the argument, by the learned counsel for the appellant, that the landlord cannot maintain an action for rent against the assignee of his tenant. In this he was clearly mistaken, as the statute (section 2189, R. S.) expressly provides that such an action may be maintained by the landlord against the party

found in possession of the leased premises, when the party enters under the tenant.  See *Cross v. Button, supra.*

The fact that the plaintiff finally commenced proceedings against the defendant to compel it to pay for the lot, cannot prejudice his right to recover for use and occupation up to that time..  The tenancy was not for any definite period, and the plaintiff had the right to terminate the same, and either compel the defendant to take the same permanently or surrender the possession.  Those proceedings resulted in the surrender of the possession by the defendant to the plaintiff; but such surrender of possession is certainly no defense to the action for use and occupation during the time the possession of the defendant continued.

Although, under the evidence, we are of the opinion that the jury was quite liberal in the assessment of damages, yet, as there was evidence tending to show that the value of the use of the premises was as much and more than the sum found by them, and as the circuit judge refused to set aside the verdict for that reason, it must stand.

*By the Court.*— The judgment of the circuit court is affirmed.