MENO VS. HŒFFEL.

LANDLORD AND TENANT. *(1) How landlord barred of statutory proceeding against tenant holding over.*
PRACTICE. (2) WAIVER *of objection to sufficiency of proof.* (3) EXCEPTIONS *must be specific.*

1. To create a tenancy at will or by sufferance in favor of a tenant holding over after the expiration of his term, so as to bar the landlord of his proceeding under sec. 12, ch. 151, R. S. 1858, there must be evidence that such holding over was with the assent of the landlord, and that the latter expressly or impliedly admitted the continuance of the relation of landlord and tenant.
2. Where, in a proceeding against a tenant holding over, the written demand required by the statute was received in evidence without objection, and had an indorsement showing service on the defendant, but the record does not show any distinct offer of evidence of such service, the court instructed the jury that " the demand and notice was given, as the undisputed evidence showed;" and no exception was taken to this instruction. *Held*, that it is too late to object here that there was no proof of service of such demand.
3. An assignment, as ground for a new trial, that " the court erred in its instructions to the jury " (where the charge embraced several propositions, some of which were correct), is of no avail in the absence of any more specific exception taken at or filed after the trial.

APPEAL from the Circuit Court for *Oconto* County.
The case is thus stated by Mr. Justice TAYLOR:

This was an action to recover the possession of a certain house and lot owned by the plaintiff, and which the defendant occupied as her tenant. The action was commenced in a justice's court, under the provisions of sec. 12, ch. 151, R. S. 1858.

The complaint alleged that the defendant had leased the premises for one month, beginning on the 15th of May, 1877, and ending on the 15th of June, 1877; that he unlawfully held over after the termination of his term; that on the 2d of July, 1877, plaintiff made a demand in writing that he deliver up the possession of the leased premises; that more than three

days had elapsed since the making of such demand; and that he refused to deliver such possession. The action was commenced on the 9th of July, 1877. The defendant did not appear in the justice court; and judgment was rendered in favor of the plaintiff, that she recover the possession of the premises. From this judgment, the defendant appealed to the circuit court; and in that court the defendant was permitted to file an answer. He answered a general denial, and, as a second and separate answer, that he had rented the premises of the plaintiff for one year from the 15th of April, 1877, at a rent of $120 per year, and that he held the premises under that lease.

On the trial in the circuit court, the evidence showed that the defendant had occupied the premises for several years previous to the 15th of May, 1877; that for one month previous to that date he had paid rent at the rate of $10 per month; and that all matters between the parties were settled up to that date. The defendant claimed that on the 16th day of May, 1877, he made a contract with Peter Meno, husband and agent of the plaintiff, to lease the premises for one year from the 15th day of April previous, for $120, or $10 per month, on condition that plaintiff should make certain improvements on the premises; and that he refused to lease the premises unless the plaintiff would agree to make the improvements.

The plaintiff claimed that she did not make such contract, but refused to make the improvements as required by the defendant, and told him to quit the premises. The evidence as to the contract was conflicting, and we think the preponderance of the evidence tended to show that there was not a leasing for a year. The defendant's own testimony, as well as the testimony of some of his other witnesses, shows that on the same day he claims to have made the contract with the husband, the plaintiff came to the house and objected to making the improvements he demanded she should make, and, as one of the defendant's witnesses stated it, " wanted to overthrow

the bargain her husband had made." The husband of the plaintiff swears he told the defendant, when he insisted the improvements should be made, that he would see the plaintiff about it, and that he spoke to her immediately, and she objected, and said she could not afford it; and that he told her then to go and tell them. The plaintiff swears that she saw the defendant the same day he claimed to have rented the premises from her husband, and after he claimed to have made the bargain with him, and told him she did not want any improvements made, that she could not afford it, and that she had not given her husband any authority to make a lease on any such terms; and also told him not to remain, but to leave the house.

The circuit judge charged the jury very fully upon the points which were litigated in the case; and no exception was taken by either party to any part of the charge. Amongst other things, he said:

"If you find that the agreement really was, that the defendant should only take the premises by the month, and that the month expired on the 15th of June, and that the rent was not fully paid to that time, you will have to return a verdict for the plaintiff.

"The demand and notice to be given before the commencement of this action, were given, as the undisputed evidence shows. In fact, the defendant's counsel concedes that if the premises were leased only by the month, and not by the year, the plaintiff would be entitled to recover. The only defense is, that the premises were leased for one year, and if you find they were, your verdict must be for the defendant.

"These are the most material instructions in the case. What I have to say now, will relate to your province as jurors in the consideration of the evidence."

No part of the foregoing charge was excepted to at the time it was given to the jury, nor at any time thereafter in the court below. The only exception or objection taken to any

part of the charge, found in the record, is found in the motion of the appellant for a new trial, and is made the third ground upon which a new trial was asked, and is " that the court erred in its instructions to the jury."

There was a verdict for the plaintiff; a new trial was denied; and defendant appealed from a judgment on the verdict.

For the appellant, there was a brief by *Hudd & Wigman*, and oral argument by *Mr. Hudd*. They contended that there was no evidence to sustain the verdict. The action was based solely on the statute (sec. 12, ch. 151, R. S. 1858); and it was necessary to show strict compliance with its provisions. *Cox v. Groshong*, 1 Pin., 307. "The statute is highly penal, and its operation should not be extended to doubtful cases. It certainly should not be used as a substitute for ejectment." *Carter v. Van Dorn*, 36 Wis., 294. Sec. 2, ch. 91, R. S. 1858, then in force, provided that whenever there was a tenancy at will 'or by sufferance, *created in any manner*, it could be terminated only on one month's notice, etc. A tenancy by sufferance arises when a man comes or is in possession lawfully, but holds over after determination of the lawful interest or right. Taylor on L. & T., ch. 4, p. 46. One who continues in possession without agreement as to time, after the termination of a particular estate, is a tenant by sufferance, and entitled to a month's notice in writing, etc. *Livingston v. Tonner*, 12 Barb., 481; R. S. 1858, ch. 91, secs. 2–4. Where a lessee continues in possession for any time after the expiration of his term, without opposition from the lessor, the lease will be presumed to continue at the same price and under the same conditions, for no particular period — making a tenancy at will or by sufferance. Taylor on L. & T., p. 42; *Bishop v. Howard*, 2 Barn. & Cress., 100; *Bowles v. Lyon*, 6 Rob. (La.), 262; *Mossy v. Mead*, 2 La., 157. There was no proof of service upon the defendant of any notice after the 15th of June. Counsel also contended that the court erred in its instructions to the jury.

*H. H. Woodmansee*, for the respondent, argued that after the 15th of April the renting was only from month to month; that each month was a term complete in itself; and that the tenancy might be terminated on reasonable notice, if, indeed, any notice was required. 4 Hun, 451; 21 Wend., 628; Chitty on Con., 476–7, 484; *Nichols v. Williams*, 8 Cow., 13, 15; *Post v. Post*, 14 Barb., 253; *People ex rel. Gleahill v. Schackno*, 48 id., 551; 64 id., 476; *Rains v. Oshkosh*, 14 Wis., 372; Tay. Stats., 1756, § 12.

TAYLOR, J.  Under the decisions of this court, the objection to the charge specified in the motion for a new trial, is entirely too general and vague to be of any avail to the appellant upon an appeal to this court. *Nisbet v. Gill*, 38 Wis., 657. In this case it is held that, in order to make an exception to the charge, which is made a ground of motion for a new trial, of any avail in this court, when no exception was taken on the trial or in the exceptions filed, the particular part of the charge which is objected to and made a ground for asking for a new trial, must be pointed out in such motion, and such motion must be made at the same term at which the trial took place; otherwise it will be too late to ask a new trial on the ground of improper instructions given to the jury, when no exceptions were taken to the same on the trial, and none filed before the expiration of such term. It is unnecessary to cite the authorities in this court, to show that a general exception to instructions given to the jury cannot avail the party on appeal, when any of the instructions given are proper and legitimate. In this case there is no pretense that all the instructions given are improper or erroneous. The case must be determined, therefore, on this appeal, as though no exceptions had been taken to the charge, either upon the trial or on the motion for a new trial.

The counsel for the appellant insists, that, notwithstanding the want of a motion for a nonsuit and of any exceptions to

the instructions to the jury, this court should reverse the judgment, because the undisputed evidence (as he claims) shows that the defendant, if not a tenant for a year, was the tenant of the plaintiff either at will or sufferance, and there is no evidence that such tenancy had been terminated by a proper notice at the time this action was commenced. We are of the opinion that the evidence does not clearly show such tenancy. Neither party, on the trial, claimed such to be the fact. The plaintiff claimed that there was a tenancy for one month, which terminated on the 15th of June, 1877; and the appellant claimed that there was a tenancy for one year, commencing on the 15th of April, 1877; and nowhere in the record is the question raised that there was a tenancy at will or sufferance.

If the learned counsel claims that a tenancy at will or sufferance was created, simply because the appellant held over and refused to surrender possession after the 15th of June, when it is claimed his term expired, we cannot agree that such claim is well founded. In order to create a tenancy at will or sufferance, in favor of a tenant holding over after the expiration of his term, so as to bar the landlord of his proceedings under sec. 12 of ch. 151, there must be some evidence that such holding over is with the assent of the landlord, and that the landlord either expressly or impliedly admits the continuance of the relation of landlord and tenant after the expiration of such term. In other words, the tenant cannot, by the mere fact of holding over and refusing to surrender the possession, create a tenancy either at will or sufferance in himself, without the consent of his landlord, so as to bar proceedings under the statute above cited. This construction was given to a like statutory provision by the supreme court of New York in the case of *Rowan v. Lytle*, 11 Wend., 616. If we were compelled to give the statute the construction contended for by the learned counsel for the appellant, it would be quite difficult, if not impossible, for a landlord to avail himself of the remedy provided

in sec. 12, ch. 151, R. S. 1858.   If the tenant, by simply hold-
ing over after the expiration of his term, becomes a tenant at
sufferance, requiring the thirty days' notice to quit, and the
notice to quit be given, and the landlord delayed in the com-
mencement of his proceedings for a day after the thirty days
expired, a tenancy at sufferance would, according to the claim
of the learned counsel, again exist in favor of the tenant, which
must again be terminated by another thirty days' notice, and
so *ad infinitum.*   The injustice, if not absurdity, of this claim
on behalf of the tenant, as to the construction to be given to
sec. 2, ch. 91, R. S. 1858, as bearing upon the right of the land-
lord to proceed to recover the possession of leased premises,
under the provisions of sec. 12, ch. 151, is fully demonstrated
in the case of *Rowan v. Lytle, supra.*

The other points made in the case arise out of the facts
proved. The issue made between the parties as to the facts
was, whether the lease terminated upon the 15th of June, 1877,
or whether it terminated on the 15th of April, 1878. This
question was fairly submitted to the jury by the circuit judge
in his charge, and the jury have found in favor of the plaintiff.
After a careful consideration of the evidence as it appears in
the record, we are unable to say that the verdict is not supported
by the evidence.   There certainly is not such a clear preponder-
ance of evidence against the verdict, as would justify this court
in reversing the judgment, after the learned circuit judge has
refused to grant a new trial, on the ground that the verdict was
against the evidence.   We are the better satisfied to sustain
the verdict in this case for the reason that the appellant him-
self claims that there was no contract for leasing the premises
at all, unless there was a lease for a year from the 15th of
April, 1877.   He swears that he refused to lease the premises,
unless the improvements were made which he required should
be made, and, if they were made, he was to have the premises
for a year at $120.   If the question were simply whether there
was a leasing for a year, there would be abundance of evidence

to sustain a verdict that there was not.  There is, perhaps, less evidence to show that there was a lease for only one month, which terminated June 15; there is, however, some evidence to sustain the verdict, upon that question. But it appears from the charge of the court that it was conceded, for the purposes of the trial, that it was immaterial to the defendant, in case he failed to establish a lease for a year, whether the letting was by the month, or whether it was for a single month which expired on the 15th of June; the learned circuit judge having charged the jury, that, if they found " that the agreement was that the defendant should only take the premises by the month, and that the month expired on the 15th of June, and that the rent was not fully paid to that time, you will have to return a verdict for the plaintiff. . . . . In fact, the defendant's counsel concedes that if the premises were leased only by the month, and not by the year, the plaintiff would be entitled to recover."  No exception having been taken to this instruction, it is too late for the appellant to insist that such instruction was erroneous, and that he should have instructed the jury that, in order to find for the plaintiff, they must find that there was a letting for a single month, which expired on that day.

The counsel for the appellant further insists, that the judgment should be reversed because there is no evidence that the demand in writing required by sec. 12 of ch. 151, R. S. 1858, was ever made upon the appellant before the commencement of the action.  Upon this point, the learned circuit judge instructed the jury as follows:  " The demand and notice to be given before the commencement of this action, were given, as the undisputed evidence shows."  There was no objection to this instruction, and it would seem that it is too late to take an exception in this court that there was no evidence to support such instruction.  Such instruction having been given with the consent of the appellant, he should perhaps be deemed to have admitted, for the purposes of that action, that such notice had been given, even in the absence of any evidence

appearing in the record to sustain the charge. But the record in this case shows that the plaintiff offered in evidence a written demand of the premises, which was received in evidence without objection on the part of the appellant, and which is conceded to be sufficiently formal; but it is objected that there was no evidence that the same was ever served. It appears from the record, that, at the time the same was offered in evidence, there was an affidavit indorsed on the back of the same, showing that it was served on the appellant on the 2d day of July, 1877.

From the fact that there was no objection made to the offer of the written demand in evidence, and that there was no objection made to the instruction of the court to the jury, " that the demand and notice was given, as the undisputed evidence showed," it must be held by this court that any objection which might have been made to the proof of service of such demand was waived by the appellant.

Upon a careful consideration of the whole record, we are of the opinion that there were no errors committed on the trial in the court below, or in refusing to grant a new trial, which would justify this court in reversing the judgment of the circuit court.

*By the Court.* — The judgment of the circuit court is affirmed.