The De Pere Co. vs. Reynen and another.

THE DE PERE COMPANY, Respondent, vs. REYNEN and another, Appellants.

*February 2 — February 23, 1886.*

LANDLORD AND TENANT.  *(1) Action for use and occupation.  (2, 3) Conveyance by tenant: When grantee liable for rent.*

1. An action for use and occupation lies only when the relation of landlord and tenant exists between the parties.
2. A conveyance of leased premises by the lessee to one having notice of the lease, operates merely as an assignment of the term, and if the assignee goes into possession he will be liable to the lessor for the rent reserved in the lease.
3. And although the term had expired before the grantee took the conveyance and went into possession, yet if he had notice that the premises were held by his grantor as tenant of another, and there had never been any surrender of possession to the landlord, there will be deemed to have been a holding over with the consent of the landlord, and the grantee will become a tenant from year to year or at will, and liable for the stipulated rent.

APPEAL from the Circuit Court for *Brown* County.

This is an action for the use and occupation of real property. It was commenced in 1878. The alleged leased property consists of (1) twenty-four feet of ground, designated as "piling-ground," situated west of and adjoining premises in the village of De Pere on which there is a mill operated by the defendants; (2) a lot 64 by 150 feet, immediately north of the mill, known as the "wharf lot;" and (3) the use of certain water-power used in propelling the mill. Rent is claimed from January 1, 1873. The defendants in their answer deny that they ever held or occupied any of said property as tenants of the plaintiff, and allege that they are the owners of the whole thereof except the wharf lot. The case was decided by the court (a jury having been waived), and resulted in a judgment for the plaintiff for the use of all the property described in the complaint, from January 1, 1873, to January 1, 1878, and interest thereon.

The findings are to the effect that in 1848 one Cox leased to one Wilcox sufficient water of the water-power created by the dam across Fox river at De Pere, to propel certain specified machinery in a mill known as the "Wilcox Mill," for the term of ten years, with permission to occupy the piling-ground before mentioned. The lease contained a stipulation upon the part of Cox that he would convey to Wilcox the mill in which said water was to be used, and the water specified in the lease, on performance by the latter of certain conditions therein specified.

In 1854 one D. M. Loy, as administrator of the estate of said Cox, conveyed to J. G. Lawton the land on both sides of Fox river at De Pere, the abutments of the dam, the land covered with water, and the water-power, reserving the Wilcox mill, the water-rights, and all the rights and privileges specified in the lease of 1848. At the same time, Loy also executed to Lawton his personal deed of the same land, without any reservation. During the same year, Lawton conveyed the same property to the plaintiff. In 1858 D. M. Loy, as administrator of Cox, conveyed to one Barrows the Wilcox mill, the piling-ground, and the water-rights specified in the lease of 1848. In 1861 Barrows executed a quitclaim deed of the piling-ground to the plaintiff. At the same time, the plaintiff executed a lease to Barrows, in which it acknowledges his title to the mill-site and water-power mentioned in the lease of 1848, and by which the plaintiff leased to Barrows, for ten years, the piling-ground and wharf lot before mentioned, and all the extra water-power used by Barrows, at certain rates therein specified. The quitclaim deed was attested by but one witness, but was recorded in the proper office at or about the time it was executed. The lease was executed so as to entitle it to record, but was not recorded until 1871. Barrows paid the rent until 1865, at which time he executed a conveyance to Ellwood Loy of all the property and rights

conveyed to him in the deed of 1858 executed by D. M. Loy. Ellwood Loy recognized the lease from plaintiff to Barrows, and paid or offered to pay rent to the plaintiff to 1867, according to the terms of that lease. In 1867 Ellwood Loy mortgaged the premises so conveyed to him to one Jordan, and in 1869 Loy's interest in the property passed to his assignee in bankruptcy, who entered into possession thereof. In 1870 such assignee conveyed to the purchasers of the mortgaged premises, under a foreclosure of the Jordan mortgage, the equity of redemption in such premises. Such grantees thereupon went into possession of the premises, and in 1873 conveyed the same to one of the defendants. The defendants thereupon went into possession of all the property so conveyed, and thereafter used the water and lots for which rent is claimed, and continued in the occupancy thereof until the commencement of this action.

On the foregoing facts the court found as conclusion of law that the defendants are liable to the plaintiff as its tenants for the rent stipulated in the lease of 1861 from plaintiff to Barrows, and gave judgment accordingly. The defendants appeal from the judgment.

For the appellants there was a brief by *Hudd & Wigman*, and oral argument by *Mr. Hudd*. To the point that the action for use and occupation lies only where the relation of landlord and tenant exists, they cited *Hurley v Lameraux*, 29 Minn. 138; Taylor on L. & T. sec. 636; Abbott's Trial Ev. 351; *Carpenter v. U. S.* 17 Wall. 489; *Boston v. Binney*, 11 Pick. 1; *Mayo v. Fletcher*, 14 id. 525; *Ackerman v. Lyman*, 20 Wis. 455; *Holmes v. Williams*, 16 Minn. 164; *Smith v. Stewart*, 6 Johns. 46; *Bancroft v. Wardwell*, 13 id. 489. [See 20 Am. Law Review, 568.—REP.]

For the respondent the cause was submitted on the brief of *John C. & A. C. Neville*. They argued, *inter alia*, that though one purchase and take of a lessee, and in fact enter

upon the premises under an absolute conveyance in fee, yet in judgment of law he enters as tenant to the lessor. *Jackson v. Davis*, 5 Cow. 123; *Christe v. Gage*, 71 N. Y. 189; *Jackson v. Scissam*, 3 Johns. 499; Taylor on L. & T. sec. 705; *Armstrong v. Wheeler*, 9 Cow. 88; *Van Rensselaer v. Jones*, 2 Barb. 644; *Failing v. Schenck*, 3 Hill, 344; Martindale on Conv. 311. When the relation of landlord and tenant is once established it attaches to all who may succeed to the possession through or under the tenant, either immediately or remotely. *Jackson v. Davis*, 5 Cow. 129; *Wittman v. M., L. S. & W. R. Co.* 51 Wis. 89; *Jones v. Dove*, 7 Oreg. 467; Tyler on Ejectment, 208; *Howard v. Ellis*, 4 Sandf. 369. The defendants, by the conveyance to them of the premises, acquired all the interest of the original lessee therein and became in law assignees of the lease. *Jacques v. Short*, 20 Barb. 269; *Provost v. Calder*, 2 Wend. 517; *Prettyman v. Walston*, 34 Ill. 175; *Childs v. Clark*, 3 Barb. Ch. 52; *Rose v. Davis*, 11 Cal. 133; *Willison v. Watkins*, 3 Pet. 50.

The following opinion was filed March 31, 1885:

LYON, J. Unless the relation of landlord and tenant existed between these parties there can be no recovery in this action. This proposition is elementary. It is not claimed that the defendants hold the property by virtue of any express lease thereof to them, and there is no proof worthy of consideration, or any finding, that they ever recognized the plaintiff as their landlord, paid rent to it, or in any manner admitted its ownership of any of the property for which rents are claimed in this action. Hence, if they are tenants to the plaintiff, they are so only because they hold the property under mesne conveyances from Barrows, who was once its tenant. Upon this ground, and this alone, the circuit court held that the defendants were such tenants.

To uphold this ruling it is maintained by the learned coun-

sel for the plaintiff that when the relation of landlord and tenant is once established, it attaches to all who may succeed to the possession through or under the tenant, either immediately or remotely; that the defendants, by the conveyance to one of them by the grantees of Barrows, under which they hold possession, became in law the assignees of the lease; and that though a purchaser take of a lessee, and in fact enter upon the premises under an absolute conveyance in fee, yet in judgment of law he enters as tenant of the lessor. Numerous cases are cited to these propositions, but for reasons which will now be stated it is unnecessary to review them, or to pass upon the propositions of law to which they are cited.

The lease to Barrows, under which the plaintiff seeks to bind the defendants as its tenants, expired by its terms, April 4, 1871. The Wilcox mill was then owned by the immediate grantors of one of the defendants, who held under the deed from the assignee in bankruptcy of Ellwood Loy, and under the sale upon the foreclosure of the mortgage thereon executed by D. M. Loy to Jordan. Such grantors did not use the mill or any of the property so held by them. Of course, they used no water from the water-power, not even that which it is conceded they owned. Such was the situation of the property when the lease in question expired. Such, also, had been its situation from September, 1870, and so it remained until after the conveyance thereof to the defendants, January 16, 1873,— more than twenty-one months later. This was as complete a surrender of the water-right mentioned in the lease of 1861 as the nature of the property admitted of. The only practical surrender that could be made was to cease using the water at the expiration of the lease, thus leaving the same as part and parcel of the plaintiff's water-power, to be used and appropriated by it as it might see fit. More than six sevenths

of the amount of the judgment was for rent of this water-right.

The dock lot was not included in the conveyance to the defendants' immediate grantors, and they never took possession of it or exercised any control over it.   So when Barrows' lease expired, in 1871, such grantors were not tenants of that lot.   The lot was then unoccupied, and continued so until after one of the defendants purchased the mill.

As to the piling-ground, the evidence shows that in 1854 the administrator of the estate of Cox conveyed it to Lawton, the grantor of the plaintiff.   This deed was not recorded until November 30, 1858.   On the 29th of the same November, the administrator conveyed the piling-ground to Barrows, with the mill and water-right.   It does not appear when this conveyance was recorded, or who was in possession of the piling-ground when it was executed, or whether Barrows had notice of the deed of 1854.   The immediate grantors of the defendants take their title under the deed to Barrows.   Whether they are the owners of this piling-ground, or whether the plaintiff is the owner thereof, cannot be ascertained from the evidence, and cannot properly be determined in this action for use and occupation.

Unless the plaintiff can maintain its title to the piling-ground under the deed of 1854, it cannot maintain it at all as against the immediate grantors of the defendants; for when they took and recorded their deeds they had no notice, actual or constructive, of the conveyance thereof by Barrows to the plaintiff in 1861.   True, the latter deed was recorded, but it was not entitled to record, because attested by but one witness, and the record did not operate as constructive notice to any one.

The grantors of the defendants took their conveyance of the piling-ground without any knowledge whatever that there was any outstanding lease upon it, and manifestly

they went into possession thereof as purchasers under such conveyance, claiming the absolute title thereto, and not as mere tenants.   There can be no rule of law which, under such circumstances, will place them in the position of tenants acknowledging the title of the plaintiff, and liable to pay rent for the use of property which they bought and paid for and believed they owned.

We have, therefore, this state of facts:   (1) The persons who occupied the property in 1871, when the Barrows lease expired by its terms, were in possession thereof, claiming absolute title under a conveyance executed by Barrows and under mesne conveyances by his grantees to them, without any notice, actual or constructive, that Barrows had previously conveyed the piling-ground to the plaintiff, or had taken a lease thereof.   (2) They never took possession of the dock lot, and claimed no interest therein.   (3) They used no water from the plaintiff's water-power, and asserted no right to the use of any water beyond that which they indisputably owned and afterwards conveyed to the defendants, or one of them.   Thus, the alleged excess of water mentioned in the Barrows lease of 1861, was, at the expiration of the term specified in such lease, practically surrendered to and placed under the control of the plaintiff.

The foregoing facts and considerations lead our minds to the conclusion that the lease of 1861 had fully terminated, and ceased to have any force and effect as a lease, long before the defendants went into possession of any of the property which it is claimed they occupy as tenants of the plaintiff under such lease.   It necessarily follows that the relation of landlord and tenant does not exist between the parties in respect to such property, and this action for the use and occupation thereof cannot be maintained.

If the defendants have used more water than they or either of them own, or if they do not own the piling-ground and have used it, or have used the dock lot, they are mere

trespassers or wrong-doers. If the plaintiff is the owner of such property, the law affords it ample remedies for such wrongs, but the action for use and occupation is not one of those remedies.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded with directions to enter judgment for the defendants.

A motion for a rehearing was granted June 1, 1885, and the cause was reargued February 2, 1886.

*T. R. Hudd,* for the appellants. [No brief on file.]

For the respondent there was a brief by *John C. & A. C. Neville,* and oral argument by *Mr. A. C. Neville.*

The following opinion was filed February 23, 1886:

LYON, J. This case was argued at a former term, and an opinion filed therein. The judgment of the circuit court was reversed. Because the court misapprehended some most material facts in the case a rehearing was granted. The cause has been again argued. It is only necessary to correct those errors here, without restating the facts of the case. A reference to the statement of the case in the former opinion as herein corrected, must suffice.

It is said in the former opinion that the deed of 1854, executed by the administrator of the estate of Cox to Lawton, the grantor of the plaintiff, was not recorded until November 30, 1858. A closer examination of the voluminous and complicated record discloses that it was duly recorded March 15, 1854, two days after its date.

It is also said in that opinion that the deed of the equity of redemption in the premises in controversy, by the assignee in bankruptcy of Ellwood Loy, was executed in 1870 to the purchasers of the premises under a mortgage foreclosure sale. The facts are it was executed to the executors of Jordan, the deceased mortgagee of the premises, Sep-

tember 30, 1871, and was duly recorded October 6, 1871. The error in date was caused by a clerical mistake in printing the finding of the court as to that deed. The error in the description of the grantees is immaterial.

It may be further stated that the deed executed by the administrator of the estate of Cox to Barrows, of the Wilcox mill property, was recorded November 30, 1858; and that the lease of April 4, 1861, executed by the plaintiff to Barrows, was recorded September 19, 1871.

It was assumed in the former opinion that such lease expired, by its terms, April 4, 1871. In respect to the piling-ground and wharf lot, it did then expire; but in respect to the extra water-power therein leased, it did not expire until April 1, 1880. This mistake now seems to the writer to have been inexcusable. We will now briefly consider the case in the light of these corrected facts.

1. As to the extra water-power specified in the lease of 1861. It will be remembered that one of the defendants became the owner of the Wilcox mill property in 1873, under mesne conveyances from Barrows, who was the grantee of the administrator of the Cox estate. Cox is the common source of title. None of those conveyances expressly include such extra water-power in terms. The immediate grantee of Barrows was Ellwood Loy. The deed to Loy was executed in 1865. In 1867 he paid or tendered to the plaintiff the rent of the extra water-power and piling-ground, under the lease of 1861, and as the assignee of such lease. This was an effectual attornment by him to the plaintiff, which undoubtedly charged him as tenant of the plaintiff in respect to such extra water-power and piling-ground under the lease of 1861.

The title of the property so conveyed to him by Barrows remained in Loy, or (what is the same thing by reason of their privity) in his assignee in bankruptcy, until the latter conveyed to the executors of Jordan, who are the immediate

grantors of one of the defendants. This last-mentioned conveyance was not recorded until after the lease of 1861 had been recorded. Hence each grantee of the Wilcox mill property, from Loy to the defendants inclusive, took his conveyance with notice, actual or constructive, of the existence and terms of the lease of 1861.

The extra water-power specified in that lease was, during the term of the lease, appurtenant to the Wilcox mill, and a conveyance of such mill property, with the appurtenances, necessarily operated as an assignment of the lease thereof to the grantee. The defendants have used such extra water-power in the mill since one of them became the owner of the mill property, knowing that their grantees used the same under the lease, and have failed to show any other right to its use. It seems necessarily to result that such use must be referred to the lease thus assigned to one of them, and hence that they are tenants of the plaintiff in respect to such extra water-power, and chargeable with the rent therefor reserved in the lease of 1861. This is but an application of the familiar rule that, if a lessee assigns his term, the assignee who goes into possession of the leased premises is liable to the lessor for the rent reserved in the lease.

2. The only circumstance deemed material which distinguishes the claim for the use of the piling-ground and wharf lot from that for the use of the extra water-power, is that the term specified in the lease had expired as to those parcels before the defendants entered upon them.

The facts now appear that the defendants and their grantors, when their respective conveyances were executed, were chargeable with record notice that the administrator of the Cox estate conveyed these parcels to Lawton, the grantor of the plaintiff, in 1854; and the defendants were chargeable with similar notice that their remote grantor, Barrows, held those parcels as tenant of the plaintiff. Al-

The De Pere Co. vs. Reynen and another.

though the term specified in the lease had expired when one of the defendants took a conveyance of the Wilcox mill property, yet it does not appear that the plaintiff ever entered upon such parcels, or that there was any formal surrender of them. The defendants' grantors retained the actual possession of the piling-ground until they conveyed it in 1873; and, although they took no actual possession of the wharf lot, it does not appear that it was ever vacated, ready for reoccupancy by the plaintiff. The defendants assert no right to either parcel, except such as they derive through the conveyance of the mill property, piling-ground, and appurtenances, to one of them. The effect of that conveyance upon the lease has already been considered. From these facts we think the conclusions must follow that although the term specified in the lease expired in 1871, yet there was a holding over with the consent of the plaintiff, and that the tenancy of the grantees of Barrows, including the defendants, did not thereby terminate, but continued a tenancy from year to year, or at will, subject to the conditions of the lease of 1861.

If we are correct in these views, it follows that the defendants are liable for the stipulated rent of those parcels, as well on general principles of law as under sec. 2189, R. S. See, also, *Wittman v. M., L. S. & W. R. Co.* 51 Wis. 89.

There is some testimony tending to show a conveyance of the mill property by the defendant owner in 1874. If such is the fact, it is immaterial. The defendants remained in possession of the leased property, and operated the mill, until this action was commenced, and that is sufficient to fix their liability for the rent.

We are thus brought to the conclusion that the judgment of the circuit court is correct. It must therefore be affirmed.

*By the Court.*— Judgment affirmed.