MUNKWITZ REALTY & INVESTMENT COMPANY, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*April 6—October 4, 1910.*

*Vendor and purchaser of land: Grantor continuing in possession: Trespass: Recovery for use and occupation: Municipal corporations: Implied contracts.*

1. A grantor who continues in possession of land without demand by the grantee for possession holds in subordination to the grantee's title, and is not liable as a trespasser prior to a refusal to deliver possession on demand.

2. Sec. 2196, Stats. (1898), permitting recovery by a landlord for the use and occupation of lands or tenements under any agreement not made by deed, requires that there must be an agreement express or implied.

3. Where a city after conveying certain premises continued to use and occupy them without any agreement, express or implied, to pay rent, the grantee cannot recover for such use and occupation.

[4. Whether in such a case the city could be bound by an implied contract to pay rent, not determined.]

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

The action is to recover for the use and occupation of a building in the city of *Milwaukee* from June 1, 1906, until February 1, 1907. The facts are not in dispute. The city owned the building and the lot on which it stood prior to May 24, 1906, and used it for the accommodation of the meter department of the city waterworks system. On the last-named date the city sold and conveyed the property to the Light Horse Squadron Armory Association, and on the following day the grantee sold and conveyed it to the plaintiff, which has ever since owned it. The water department of the city continued to occupy the building until February 1, 1907, without lease and without permission or authority of the plaintiff or demand for rent. The complaint charged that the city entered upon and had the use of the property for the time stated to the damage of the plaintiff in the sum of $800, alleged that plaintiff waived the defendant's tort, and that such use and occupation was reasonably worth $800, for which sum judgment was demanded. There was a jury trial; the jury in answer to a special question found the damages to be $560; and the court rendered judgment for the plaintiff for this sum, from which judgment the defendant appeals.

For the appellant the cause was submitted on the brief of *John T. Kelly,* city attorney, and *Clinton G. Price,* first assistant city attorney.

For the respondent there was a brief by *Winkler, Flanders, Bottum & Fawsett,* and oral argument by *C. F. Fawsett.*

The following opinion was filed May 24, 1910:

WINSLOW, C. J. This is an action to recover for the use and occupation of real estate. The judgment seems to have been based on the ground that the city was a trespasser during its occupancy and that the plaintiff has chosen to waive

the tort and recover upon implied contract.   The difficulty
with this theory is that we can discover no trespass.   The au-
thorities are numerous to the effect that where, by the laches
of the grantee, a grantor holds possession after his conveyance
he holds as a tenant at sufferance.   1 Washb. Real Prop.
(6th ed.) § 826; 18 Am. & Eng. Ency. of Law (2d ed.) 178,
note 1, and authorities cited.   It may be doubtful whether
this would be so in Wisconsin since the decision of the cases
of *Meno v. Hœffel,* 46 Wis. 282, 1 N. W. 31, and *Eldred v.
Sherman,* 81 Wis. 182, 51 N. W. 441, which decide that a
tenant holding over after his term does not become a tenant at
sufferance unless the landlord expressly or impliedly admit
that the relationship of landlord and tenant continues.   It
seems unnecessary to decide this question, however.   The
continued occupation of the property was not adverse to the
grantee's title, but in subordination thereto.   *Schwallback v.
C., M. & St. P. R. Co.* 69 Wis. 292, 34 N. W. 128; *Riha v.
Pelnar,* 86 Wis. 408, 57 N. W. 51.   Under such circum-
stances the grantor does not continue in possession as owner,
but is estopped from denying his grantee's title.   And in
*McCormick v. Herndon,* 86 Wis. 449, 56 N. W. 1097, it is
said that he holds as tenant for his grantee and will be treated
as holding the premises in subserviency to his grantee until he
makes an explicit disclaimer of such relation.   Under any
theory, therefore, we can see no ground for holding that the
city was a trespasser prior to a refusal to deliver possession on
demand; hence there was no recovery justified on the ground
that a tort had been committed.   But we do not think the
judgment should be reversed because the complaint is framed
on the theory of a tort if the undisputed facts show a liability
upon contract, so long as it appears that the parties have not
been misled and the defendant has lost no rights.

Our statute provides that "any landlord may recover a rea-
sonable satisfaction for the use and occupation of any lands
or tenements by any person under any agreement not made

by deed." [Sec. 2196, Stats. 1898.] This statute is in substance the same as sec. XIV, c. XIX, 11 Geo. II., which was originally passed to obviate an ironclad rule of the common law to the effect that there could be no action in *assumpsit* for rent except upon express promise made at the time of the demise.

This statute was under consideration in *Ackerman v. Lyman,* 20 Wis. 454, which was an action for use and occupation of lands by one who was originally a trespasser, and it was held that the action for use and occupation in this state rests on this section, and that the section requires that there must be an agreement, express or implied, and that it may be implied from the defendant's entering into possession by permission of the plaintiff, or from acts showing the assent of the defendant after a tortious entry to hold under the permission of the plaintiff. It was in effect followed in *De Pere Co. v. Reynen,* 65 Wis. 271, 22 N. W. 761, 27 N. W. 155, where it was held that an action for use and occupation does not lie unless the relation of landlord and tenant exist between the parties. It is in harmony, also, with *Preston v. Hawley,* 101 N. Y. 586, 589, 5 N. E. 770, and with numerous cases cited in 2 Ency. Pl. & Pr. 1026, note 2. See, also, Keener, Quasi-Contracts, 191, 192.

There are no facts shown here from which an agreement to pay rent can be implied, even granting that the city could be bound by an implied contract in any event, a proposition which is, to say the least, doubtful. *Chippewa B. Co. v. Durand,* 122 Wis. 85, 99 N. W. 603; *Appleton W. W. Co. v. Appleton,* 132 Wis. 563, 113 N. W. 44. The conclusion is that there can be no recovery either upon the theory of tort or the theory of contract.

*By the Court.*—Judgment reversed, and action remanded with directions to dismiss the complaint.

The respondent moved for a rehearing or for a modifica-

tion of the judgment and mandate by changing the judgment of reversal to one of affirmance.

For the respondent there was a brief in support of the motion by *Winkler, Flanders, Bottum & Fawsett,* and for the appellant a brief by *Daniel W. Hoan,* city attorney, and ,*W. H. Timlin, Jr.,* special assistant city attorney.

The motion was denied October 4, 1910.