MEACHAM INVESTMENT COMPANY, Respondent, vs. RUBIN, Appellant.

*November 7—December 6, 1938.*

416

For the appellant there was a brief by *I. A. Dinerstein,* attorney, and *W. C. Zabel* and *Irving Lore* of counsel, all of Milwaukee, and oral argument by *Mr. Lore* and *Mr. Zabel.*

For the respondent there was a brief by *Churchill, Churchill, Davis & Rapkin* of Milwaukee, and oral argument by *Richard R. Davis* and *J. E. Rapkin.*

WICKHEM, J.    The attack of the defendant upon the complaint is directed at paragraph 6 heretofore set out.    It is claimed that the allegation "that the defendant, William B. Rubin, succeeded to the entire interest of the original lessee" is a mere conclusion of law, and that the allegations concerning the agreement entered into by defendant with Frank and Albertina Henderson is not only a mere conclusion but fails in any way to connect defendant with the lease or the premises.    The contention that the allegation that defendant succeeded to the interests of the lessee is a conclusion of law must be sustained.    This appears to us to be a pure conclusion without any allegations of fact from which a court could make any independent legal determination as to defendant's relation to the premises or the original lease.    The allegation that, through some contract with the Hendersons, defendant undertook to pay the rent does not support the conclusion that he is a successor to the rights of the original lessee and does not in any way connect him with the lease.    The Hendersons are not alleged to have had any interest in the prem-

ises whatever, and the contract antedates by eight years the date of defendant's alleged succession. The contract between the Hendersons and defendant is not sufficiently set forth to enable the court to conclude whether it constituted a contract between defendant and the Hendersons for the benefit of plaintiff. Hence, we come to the conclusion that, so far as defendant's contentions go, they must be sustained.

However, it is pointed out by respondent that the complaint alleges that defendant has been "in possession of the real estate" described since the 24th day of September, 1932.

Secs. 234.09 and 234.16, Stats. 1931, provide as follows:

"*Person in possession liable for rent.* Every person in possession of land out of which any rent is due, whether it was originally demised in fee or for any other estate of freehold, or for any term of years, shall be liable for the amount or proportion of rent due from the land in his possession although it be only a part of what was originally demised; and in any action for the recovery of such rent the deed of demise or other instrument in writing, if there be any, showing the provisions of the lease, may be used in evidence by either party to prove the amount due from the defendant."

"*Recovery for use and occupation.* Any landlord may recover a reasonable satisfaction for the use and occupation of any lands or tenements by any person under any agreement not made by deed; and if any parol demise or other agreement, not being by deed, by which a certain rent is reserved, shall appear in evidence on the trial of any such action the plaintiff shall not on that account be debarred from a recovery, but may make use thereof as evidence of the amount of damages to be recovered."

The allegation of possession and of failure to pay any rent for any or part of the period of possession appears to us under the statute sufficiently to state a cause of action. However, the basis for this cause of action is in *quasi* contract for use and occupation and not for an express contract of lease. If the complaint states any cause of action, the

general demurrer must be overruled, and it is immaterial that this may not be the cause of action intended to be stated. A cause of action having been stated for the reasonable value of the use and occupation of the premises during the period alleged, the demurrer was properly overruled.

*By the Court.*—Order affirmed.