Maas, Respondent, vs. Lutz and others, Appellants.
*March 7—June 6, 1939.*

P. F. *Leuch* of Milwaukee, for the appellants.

For the respondent there were briefs by *Holt & Coombs* of Waukesha, and *Walter H. Meyer* of Menomonee Falls, and oral argument by *A. N. Coombs*.

The following opinion was filed April 11, 1939:

FAIRCHILD, J. The trial court found and the evidence establishes that the Edward Lutz Sand & Gravel Company took possession of the gravel pit owned by Robert Maas, and that the Lutz Company, through its officer, Edward Lutz, agreed to pay therefor in accordance with the terms of a lease which had been given to Edwin Arpe. Maas testified that the Lutz Company negotiated for and was operating the pit and the evidence considered as controlling by the trial court is that the company had accepted responsibility under the lease.

There can be no question but that plaintiff believed he was dealing with the Lutz Company after Arpe gave up his lease, and that he was warranted in so believing because of the conduct of the Lutz Company officer. The contention that the Arpe Sand & Gravel Company was the tenant and that the liability for rent vests upon it did not survive the analysis

of the testimony in the trial court. The Arpe Company was organized to serve the purpose of the Lutz Company and to enable it to operate the sand and gravel pit without protest from a combination of companies which had agreed on an apportionment of business in the territory where Lutz was operating. This arrangement was of no concern to the plaintiff, nor does the fact that the written lease was in the name of the Arpe Company interpose an obstacle to holding the Lutz Company under the informal agreement entered into by its officers and fully performed by Maas.

There was no written assignment from the Arpe Company to the Lutz Company, but the facts proved are sufficient to enable the plaintiff to maintain his action, since the Lutz Company was actually in possession of the pit and controlled the avails of the contract. Sec. 234.09, Stats., provides that every person in possession of land out of which rent is due shall be liable for the amount of rent due from the land in his possession, and that in any action for the recovery of such rent, the deed of demise, if there be any, showing the provisions of the lease, may be used in evidence by either party to prove the amount due from the defendant. Since it appears beyond question that the Lutz Company was in possession of the land and was fully cognizant of the terms of the lease fixing the rent due out of it, under the circumstances this statute gives the plaintiff the right to recover. *Wittman v. Milwaukee, Lake Shore & Western R. Co.* (1881) 51 Wis. 89, 8 N. W. 6; *De Pere Co. v. Reynen* (1886), 65 Wis. 271, 281, 22 N. W. 761, 27 N. W. 155; *Brown v. Loewenbach* (1935), 217 Wis. 379, 385, 258 N. W. 379; *Meacham Investment Co. v. Rubin* (1938), 229 Wis. 415, 282 N. W. 575.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 6, 1939.