RIHA, Appellant, vs. PELNAR, Respondent.

*November 8 — November 28, 1893.*

*Trespass: Evidence: Adverse possession: Estoppel: Mistake in deed: Contradiction of solemn admissions: Reopening of case: Discretion.*

1. In an action of trespass, where the defendant claims title to the *locus in quo*, his title deeds are admissible without proof of seisin or possession within twenty years. Having shown his legal title to the premises, he is presumed, under sec. 4210, R. S., "to have been possessed thereof within the time required by law," and the occupancy of other persons is "deemed to have been under and in subordination to the legal title," unless shown to have been adverse.

2. Upon an issue involving title to land, the testimony of one under whom both parties claim, that when he signed the deed of the premises to defendant's grantor he could not read English and supposed that it described a different parcel of land, is not admissible, where there was no claim that the mistake was mutual or that the grantee in such deed knew of the mistake or was guilty of any fraud.

3. Evidence is not admissible to contradict a solemn admission previously made on the trial by the party offering it, and which has not been withdrawn.

4. After a case is closed, the matter of reopening it for further proof rests in the sound discretion of the trial court.

5. The grantor of land is estopped from claiming that his possession after the conveyance was adverse to his grantee.

Riha vs. Pelnar.

APPEAL from the Circuit Court for *Kewaunee* County.

Trespass action, commenced in justice's court and removed to the circuit court upon plea of title. The premises in dispute are a half acre of land in a square form in the N. W. corner of the W. ½ of the N. W. ¼ of section No. 21, township 22, range 24, in Kewaunee county.

It appeared on the trial that one Francis Shimmel was the original owner of the above-described eighty acres, including the half acre in dispute, and that both parties claim title under him. On the 29th day of March, 1864, Francis Shimmel and wife conveyed the said eighty acres, without exception, to Wenzel Shimmel, by warranty deed. January 10, 1872, Wenzel Shimmel and wife conveyed the same premises by warranty deed to John Riha. The plaintiff, *Wenzel Riha*, is one of the heirs at law of said John Riha, deceased, and is the grantee of the premises by quit-claim deed signed by the remaining heirs of John Riha. This series of deeds constituted the plaintiff's paper title.

On the part of the defendant it appeared that Wenzel Shimmel and wife conveyed to Simon Pelnar, October 13, 1859, by warranty deed, the half acre of land in dispute, described as one half acre of land in the N. W. corner of the N. W. ¼ of the N. W. ¼ of said section 21, which deed was duly recorded September 27, 1860; also that on the 12th of January, 1885, Simon Pelnar and wife conveyed the said half acre by warranty deed to the defendant, *Nicholas Pelnar*, which deed was recorded January 24, 1885.

The case was tried with a jury, but after both parties had rested and a motion for nonsuit had been made the jury was discharged by agreement of the counsel, and the case submitted to the court for decision. The case was then reopened and further testimony taken. The court made the following findings:

*First.* The trespass complained of consists of the admitted attempt of the defendant to build a fence around

one half acre of land in the N. W. corner of the W. ½ of
the N. W. ¼ of section No. 21, described in the complaint.
The premises in dispute were conveyed by Wenzel Shimmel
and wife to Simon Pelnar by warranty deed dated October
13, 1859, and recorded September 27, 1860, which deed de-
scribed the premises as one half acre in the northwest cor-
ner of the government subdivision given above.

*Second.* That on the 13th day of October, 1859, the W.
½ of the N. W. ¼ of said section No. 21 was inclosed with a
brush fence on the north and west sides, so as to include
the one half acre in dispute. That said fence has been re-
paired, rebuilt, and maintained by Franz Shimmel and his
grantees from time to time since 1859, on substantially the
same line, and the said W. ½ of the N. W. ¼ of the said sec-
tion has been protected by a substantial inclosure by the
plaintiff and his grantors for more than twenty years next
prior to the acts constituting the alleged trespass, and the
said fence was built in the year 1859 or before.

*Third.* That the plaintiff and his grantors have been in
the actual, continuous, and exclusive possession of said W.
½ of the N. W. ¼ of said section 21, including said one half
acre, from October 13, 1859, down to the time of the alleged
trespass, and during that time cleared off the timber from
said one half acre, together with other land in said govern-
ment eighty adjacent thereto, and cultivated and improved
the same according to the usual course and custom of the
adjoining country; that the defendant and his grantors
have never been in actual possession of the premises in dis-
pute.

*Fourth.* That the defendant and his father, Simon Pel-
nar, grantee in the deed of October 13, 1859, both lived
near said premises, and must have known of the possession
of and improvements on said W. ½ of the N. W. ¼ of said
section No. 21, including said one half acre, by the plaint-
iff and his grantors.

Riha vs. Pelnar.

*Fifth.* That neither the defendant nor his father is shown to have informed or notified the plaintiff or any of the latter's grantors that they claimed title or ownership to the one half acre in dispute; that neither the plaintiff nor any of his grantors ever informed or notified the defendant or his father, Simon Pelnar, that they claimed title or ownership to the said one half acre, or that they claimed to hold the same adversely; that neither the defendant nor his said father had any notice or knowledge that the plaintiff and his grantors were not holding in subordination to the legal title, unless such knowledge can be inferred from the foregoing facts found as to possession; that there has been no disseisin of the defendant or his grantors, or adverse possession of the premises in dispute by the plaintiff or his grantors, unless a disseising or adverse possession can be inferred from the foregoing facts and the testimony of the plaintiff's witnesses as to the nature and character of the possession of the plaintiff and his grantors.

*Sixth.* That the acts of the defendant complained of were committed by him in digging post holes and setting posts around said one half acre in square form in the N. W. corner of the W. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of said section No. 21, within the inclosure made by said fence originally constructed in 1859.

*Seventh.* That if the plaintiff is entitled to recover, his damages are found to be the sum of six cents.

The conclusions of law are: (1) That the said deed of October 13, 1859, conveyed one half acre in square form in the N. W. corner of said W. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of said section 21. (2) That the plaintiff and his grantors have held possession of the one half acre in question since the said deed of October 13, 1859, not adversely to the defendant and his father, but in subordination to their legal title. (3) That the plaintiff is not entitled to recover in this ac-

tion, and that his complaint should be dismissed on the merits, with costs.

From judgment for defendant on these findings the plaintiff appeals.

*George B. Byron,* attorney, and *G. G. Sedgwick,* of counsel, for the appellant.

For the respondent there was a brief by *John Wattawa,* attorney, and *Nash & Nash,* of counsel, and oral argument by *L. J. Nash.*

WINSLOW, J.   The paper title to the half acre in dispute was admittedly in the defendant under the deed of Wenzel Shimmel to Simon Pelnar, of date October 13, 1859.   It is equally clear that the actual possession of the premises has been in the plaintiff and his grantors since on and prior to the execution of the Pelnar deed.   The circuit court found that this possession was not adverse, but was in subordination to the true title, and consequently that the defendant committed no trespass in entering upon the premises. This question of the nature of the plaintiff's possession, whether adverse or not, is the vital and controlling question in the case.   If the circuit court was right in its conclusion that the plaintiff's possession was not adverse, then the judgment was plainly right, unless prejudicial errors in rulings upon evidence occurred on the trial.   The contentions made by appellant will be noticed in their order.

1. Appellant claims that it was error to admit in evidence the defendant's title deeds, because defendant had not shown seisin or possession of the premises within twenty years before the committing of the alleged trespass. R. S. sec. 4208.   It is true that neither the defendant nor his grantor had actual possession of the premises, but having proved his legal title he is presumed, under R. S. sec. 4210, to have been possessed thereof within the time re-

quired by law, and the occupancy of other persons is
deemed to be in subordination to the legal title, unless it
was adverse. *Allen v. Allen*, 58 Wis. 202. That is, the
plaintiff's possession was in legal effect possession by de-
fendant so long as it was not adverse. The court below
decided — rightly, as we shall see — that plaintiff's posses-
sion never became adverse, therefore this objection is not
well taken.

2. The appellant offered to prove upon the trial, by
Wenzel Shimmel, that when he signed the deed of the
premises in suit to Simon Pelnar he could not read the
English language, and that he did not know that the deed
described the premises in controversy, but supposed that it
conveyed a strip of land one rod wide along the north side
of the eighty acres, and that he intended to convey such
strip. It was not claimed that the mistake was mutual,
nor that Pelnar knew of such mistake, nor that there was
any fraud; in fact it was admitted by plaintiff that he
could not prove what Pelnar thought or did not think, nor
what was said. This evidence was rightly excluded. The
deed was duly executed in proper legal form, and was not
ambiguous or uncertain in any respect. It conveyed a half
acre of land in a square form in the northwest corner of
the eighty-acre tract. *Dolan v. Trelevan*, 31 Wis. 147.
Such testimony would contradict the words of the grant,
not explain its meaning. *Lego v. Medley*, 79 Wis. 211. The
evidence offered would plainly not be sufficient to impeach
or set aside the deed, because it was not claimed that there
was any mutual mistake, or that the grantee knew of any
mistake or different intention by the grantor from that ex-
pressed in the deed, or practiced any fraud, imposition, or
concealment upon the grantor in any respect. So far as
the evidence offered tended to prove anything, it was simply
a concealed intention in the grantor's mind, not known to
the grantee, and inconsistent with the expressed agreement

Riha vs. Pelnar.

of the parties. Such a mistake will not relieve a party from a contract. Kerr, Fraud & M. 409.

3. The plaintiff claimed title by adverse possession, both under the ten-year and twenty-year sections of the statute. He offered to show that after the execution of the deed of October 13, 1859, by Shimmel to Pelnar, Shimmel moved back his fence one rod along the north line of his land, and gave possession of this strip to Pelnar. He claims that this evidence was proper as tending to show that the plaintiff's possession of the half acre in the corner was adverse. This may be conceded, but still the evidence was properly excluded, by reason of facts occurring on the trial, now to be stated. During the course of the trial, and prior to this offer, it was admitted by both parties, and the admission was taken down by the reporter, that the fence was built along the north line of the eighty-acre tract in 1858, and remained in the old place, being repaired from time to time, until supplanted by a wire fence two years before the trial. This solemn admission had not been withdrawn when the testimony was offered. Later in the case the plaintiff asked to withdraw the admission that the fence was built in 1858, and the court allowed him to call Shimmel to testify that it was built about twenty-five years ago; but that part of the admission to the effect that the fence remained in the old place until two years ago, was never withdrawn, nor offered to be withdrawn, and still remains a verity in the case.

4. After the case was closed, the jury was excused by agreement of counsel, and the case submitted to the court for decision. At this time, on plaintiff's application, further testimony was taken on the subject of the time when the north fence was built. The plaintiff introduced one witness on this subject, and the defendant one witness in addition to himself, and rested a second time. The plaintiff thereupon proposed to read the deposition of defendant

taken before trial under sec. 4096, R. S., claiming that it contradicted some of his evidence given in court. An objection to thus reopening the case was sustained, and we think very properly. The matter of reopening the case for further proof rested in the sound discretion of the circuit court. It was not a matter of strict right, and the court seems to have allowed plaintiff much latitude in the matter,— fully as much as could be reasonably asked or allowed.

5. The court found that the plaintiff's possession of the premises was in subordination to the true title, and consequently not adverse. In thus holding the court undoubtedly followed the case of *Schwallback v. C., M. & St. P. R. Co.* 69 Wis. 292. Following the rule in the *Schwallback Case*, it must be held that after Shimmel's conveyance to Pelnar he was estopped from claiming that his possession was adverse to his grantee. His possession and that of his grantees must be " deemed to have been in subordination to the legal title." The proof of adverse possession in this case was no stronger than that in the *Schwallback Case*, and the decision in that case must govern here. See, also, on this point, *McCormick v. Herndon, post*, p. 449.

Some contention was made as to the finding of fact made by the circuit court as to the time when the north fence was built, but an examination of the case shows that the finding was justified by the evidence. No further points require attention.

*By the Court.*— Judgment affirmed.