Barlass, Appellant, vs. Kargus and another, Respondents.

*October 15 — November 5, 1901.*

*Trial: Findings: Nonsuit: Evidence: Appeal: Bill of exceptions: Immaterial errors.*

1. Findings of fact should always be made in an action tried by the court.
2. In an action tried by the court the granting of a nonsuit without making findings of fact cannot work a reversal of the judgment where it was consented to by both parties in the trial court and is not assigned as error on the appeal.
3. Where evidence received "subject to objection" in an action tried by the court is included in the bill of exceptions it is before the appellate court for all purposes, and the failure to receive it absolutely cannot be ground for reversal.
4. Refusal of the trial court to allow plaintiff to introduce additional evidence after a motion for nonsuit was made will not be held error unless it was an abuse of discretion.
5. After a cause before the supreme court has been placed upon the assignment for argument, leave will not be granted to withdraw the record and return it to the trial court for the purpose of obtaining a certificate that the bill of exceptions contains all the evidence.

APPEAL from a judgment of the circuit court for Rock county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed.*

This is an action of replevin to recover a large quantity of farm machinery, horses, and cattle. Trial by jury was waived, and the action was tried by the court. The plaintiff claimed ownership of the property by virtue of a chattel mortgage executed by the defendants May 6, 1898. The mortgage was introduced in evidence, and was objected to by the defendants on the ground that the plaintiff's complaint alleged absolute ownership of the property, and that it was incompetent for the plaintiff, under such an allegation, to show his special property therein as chattel mortgagee. The mortgage was received subject to the objection. At the close of the plaintiff's evidence, the defendants moved

for a nonsuit, claiming that the evidence showed that the mortgage had been satisfied by the application thereon of payments, and, further, that the plaintiff could not recover because there was no proof of any demand made before the action was brought.   The motion for nonsuit was granted, and judgment was entered dismissing the action and ordering the return of the property or its value, and from this judgment the plaintiff appeals.

*M. P. Richardson*, for the appellant.

*John Cunningham*, for the respondent *Frank Kargus*.

For the respondent *Minnie Kargus* there was a brief by *Smith & Pierce*, and oral argument by *C. E. Pierce*.

WINSLOW, J.   Although this action was tried by the court, a nonsuit was granted at the close of the plaintiff's case, and no findings of fact were made.   This was contrary to the statute.   Stats. 1898, sec. 2863.   Findings of fact should always be made in an action tried by the court, whether the action be legal or equitable.   *Yahr v. Joint School Dist.* 99 Wis. 281.   This method of disposing of the case, however, seems to have been consented to by both parties in the court below, and no error is assigned upon it in this court; hence it cannot be considered as a ground which would entitle the appellant to a reversal, but is referred to now simply to call attention to the correct practice in such cases.

The chattel mortgage upon which the plaintiff based his claim of title was received in evidence *subject to objection*, and appellant claims that it was error not to receive the same absolutely and without qualification.   The mortgage is in the bill of exceptions, and hence is before us for all purposes.   No prejudice of any kind results from the fact that it was received subject to objection; hence, whether the ruling was right or wrong, it can be no ground of reversal.

After the motion for nonsuit was made, the appellant applied to the court for leave to introduce additional evidence on the subject of the payments upon the mortgage, and the application was denied. This ruling is now claimed to have been error. The matter was in the discretion of the trial court, and its action will not be reversed unless there has been an abuse of such discretion. No facts are shown which would justify us in holding that there was an abuse of discretion in making the ruling; hence there is no error.

Lastly, it is claimed that the nonsuit should not have been granted because the evidence shows the mortgage to be a valid lien, and that it has not been paid. The bill of exceptions, however, is not certified to contain all of the evidence, and hence, under the rule which is frequently applied, it must be presumed that there was sufficient evidence of a conclusive nature before the trial court to justify its conclusion. Application was made after the argument by the appellant for leave to withdraw the record and return the same to the trial court for the purpose of obtaining the proper certificate. Such leave was, however, denied. We have found it necessary to adhere closely to the rule that the record must be complete when a case is placed upon the assignment for argument.

*By the Court.*— Judgment affirmed.