FRANK BRADLEY, Appellee, v. JOHN BURKHART, Appellant.

**Boundaries:** ADVERSE POSSESSION: ACQUIESCENCE: EVIDENCE. Where
1  the plaintiff's evidence in an action to establish a boundary
fails to show an intent to claim more than his deed calls for,
the doctrine of adverse possession has no application; but
there may be an establishment of the line by recognition and
acquiescence, though neither of the parties intend to claim
more than his deed gives him. Evidence held to show acquiescence.

**Same:** ESTOPPEL. Where a controversy arises regarding a boun-
2  dary line as the result of a survey, and pending negotiations
for an amicable settlement one of the parties constructs a
fence upon the line as claimed by him, which the other party
seeks by an action to remove, no element of estoppel is presented.

**Action to quiet title:** FORUM. An action to quiet title is an equi-
3  table one and should not be tried to a jury.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE, Judge.

THURSDAY, MARCH 19, 1908.

REHEARING DENIED, TUESDAY, SEPTEMBER 29, 1908.

THIS is an action to fix and settle the boundaries of plaintiff's and defendant's properties. The trial court found in favor of plaintiff's contention, and defendant appeals.— *Affirmed.*

*Jordan & Moffitt* and *Dale & Harvison,* for appellant.

*Wm. M. Wilcoxen* and *McHenry & Jones,* for appellee.

DEEMER, J.— Lots 1 and 2 in block 1 of Griffith's subdivision of lot 5 of the Pursley estate, now in the city of Des Moines, run north and south. They are each sixty feet wide, and one hundred and thirty-two feet in length. Plaintiff is the owner of the south one-third of these two lots, and defendant of the middle one-third. Each of their holdings should be forty-four feet north and south by one hundred and twenty feet east and west. This is a controversy over the division or boundary line between the two tracts. It seems that shortly before this action was commenced defendant tore down a fence extending eastward from the west end of the line for some distance in the direction of plaintiff's dwelling house, and had erected a new fence something like two feet south of the old one. Plaintiff claims that the old fence, together with some water pipes put in the ground at the east end of the line, mark the boundary as established by recognition and acquiescence of the parties and their grantors, and that, wherever the true line, plaintiff is entitled to claim to these monuments by adverse possession. There is some controversy about the location of the true line according to the original paper subdivision of the lots, but the preponderance of the testimony shows that it is near where defendant erected the new fence. It appears, however, that many years ago a fence was erected upon what was supposed to be the true line between the parcels of ground now occupied by these parties, and that the then owners recognized this fence as being on the true line. Some time thereafter plaintiff or his grantor built a house upon his south one-third, the foundation of which was placed something like two feet south of the line as marked by the original fence. The easterly part of the fence which separated the front yards of the owners of these tracts was removed by agreement for æsthetic reasons, but shortly thereafter a trench was dug along the line marked by the fence for the purpose of bringing water

upon the premises owned by the respective parties. The pipes for this water were laid four or five inches apart, and, as nearly as could be estimated, along the line of the old fence. The eaves of the house occupied by plaintiff extended from fifteen to eighteen inches north of a perpendicular line from the foundation, and plaintiff has used the strip claimed by him north of the foundation of his house for the water pipes before spoken of, for use in washing the windows of his house, and in putting up and taking off screens and storm sash. Defendant has occasionally mowed this two-foot strip, and has also sown some grass seed upon it.

The preponderance of the testimony shows that the old fence referred to, so long as it stood, was regarded by all parties as marking the boundary line, and no controversy arose until a few years ago, when defendant concluded to build a flat upon his portion of the lots. Plaintiff requested defendant to put this flat as far north from the division line as possible, and the parties agreed that it was well to have sufficient space between the two buildings for a passageway, and to enable them to care for the windows of the buildings. Defendant proposed to plaintiff that he (plaintiff) pay part of the expense of changing the plans so as to provide ample passageway. Thus matters stood when defendant concluded to have his property surveyed. He asked plaintiff to join in this, but plaintiff refused to do so. A survey was made, however, and the true line as fixed by this survey was something like two feet south of the one marked by the old fence. The parties then renewed their conversations regarding the division line, and it is claimed that a tentative agreement was made whereby defendant was to build a fence upon the west end of the line established by the new survey extending from the northwest corner of plaintiff's lots to his building, leaving the east end of the line unfenced, and leaving the matter of the method of construction of defendant's flat to further negotiations, and that in consideration thereof defendant was to put a gate in the fence built upon the new

line. There is also some testimony to the effect that plaintiff was to pay his proportion of the cost of the new fence, but we fail to find that such an agreement was made. Indeed the evidence fairly shows that while negotiations were pending for an amicable settlement of the matter defendant went ahead and built the fence of which plaintiff is complaining.

The doctrine of adverse possession, strictly speaking, does not apply to the case, for the reason that plaintiff has failed to show any intent to claim more than his deed calls

1. BOUNDARIES: adverse possession: acquiscence: evidence.

for. But a line may be established by recognition and acquiescence, although neither of the parties intends to claim more than his deed gives him. This is the doctrine established by *Miller v. Mills Co.,* 111 Iowa, 654, and recognized in almost innumerable cases since that time. That the parties hereto recognized the old fence as being upon the true line and acquiesced therein for more than ten years can hardly be questioned. The fence was a permanent one, was erected to mark the division line between the two tracts, and was regarded and recognized by the parties as being upon the true line for many years. Indeed the line as thus acquiesced in was never challenged until defendant concluded to erect a flat upon his strip of ground. These facts clearly bring the case within the rule of *Miller v. Mills Co., supra.* The cases of *Kitchen v. Chantland,* 130 Iowa, 618, and *Palmer v. Osborne,* 115 Iowa, 715, are not in point.

There is no merit in defendant's claim of estoppel, based upon what happened after defendant concluded to find the true line. Nothing was done which would constitute

2. SAME: estoppel.

the basis of an estoppel. While negotiations were pending for some kind of an amicable settlement defendant went ahead and built his fence, and almost immediately plaintiff brought this action to secure the removal of the same. None of the essential elements of an estoppel are here.

The original petition was in form what might be denominated an action of right. Defendant moved to transfer the case to the law docket for trial to a jury. Plaintiff then filed an amended and substituted petition to quiet his title to the strip in dispute, and with it a motion to transfer to the equity calendar. This motion was sustained. When the case was called defendant demanded a jury, and this was refused. In these rulings there was no error. An action to quiet title is an equitable one, and should not be tried to a jury.

**3. ACTION TO QUIET TITLE: forum.**

Our examination of the record leads us to the conclusion that the decree granting the prayer of the petition is correct, and it is *affirmed*.