FOREMAN, Respondent, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*January 11—February 6, 1934.*

For the appellant there was a brief by *Simmons, Walker, Wratten & Sporer* of Racine, and oral argument by *Mortimer E. Walker*.

For the respondent there was a brief by *Gittings, Janecky & Buelow* of Racine, and oral argument by *Earl F. Buelow*.

ROSENBERRY, C. J.   The defendant contends with considerable vigor that plaintiff was guilty of contributory negligence as a matter of law and supports its contention by refer-

ence to the record. An examination of the record discloses a clear conflict in the evidence and we are unable to discover any physical facts or undisputed situation which makes the testimony offered and received on behalf of the plaintiff incredible. No useful purpose would be served by setting out in detail the facts which support each theory. If there is a conflict, the determination of where the truth lay was clearly a matter for the jury. The verdict having been approved by the trial court, it will not be disturbed by this court if there is credible evidence to support it.

In *McNamara v. McNamara,* 108 Wis. 613, 84 N. W. 901, which was an action on contract, the court said:

"Where it appears with reasonable certainty that the recovery is so excessive as to create the belief that the jury has been misled by 'passion, prejudice, or ignorance,' the trial court may either grant a new trial absolutely or give the plaintiff the option to remit the improper excess. But the rule is only applicable in cases where it is clear that the perverse conditions mentioned only affect the amount of the recovery. If it appears that the elements of passion and prejudice may have entered into, and probably did affect, the decision of other questions in the case, the court's duty is to grant a new trial absolutely."

The rule of this case has been approved when applied to tort actions. *Olsen v. Brown,* 186 Wis. 179, 202 N.W. 167.

In view of the fact that there were two trials, that each jury has found in favor of the plaintiff and the trial court has approved the findings in all respects other than the amount of the damages, it cannot be said upon this record that the findings upon this trial, although the damages were very excessive, indicated such passion, prejudice, and perversity as to require the setting aside of the entire verdict. If there had been but one trial, there would be considerable difficulty in arriving at that conclusion, in view of the very large amount of damages found.

There was a motion for a new trial upon the ground of newly-discovered evidence. The evidence which was claimed to be newly discovered tended to show that the X-rays did not in fact disclose a skull fracture as testified to by a medical witness upon the trial; that the X-rays which were offered to support the claim that there was a fracture of the skull were not an X-ray of that part of the skull which was claimed to be fractured; that the plaintiff was not in fact treated for skull fracture, and that the plaintiff's symptoms of vomiting, nausea, etc., were attributable to a condition in no way connected with the accident. The trial court was of the view that the newly-discovered evidence went only in mitigation of damages, and having reduced the damages from $12,000 to $4,000, a new trial should not be granted on the ground of newly-discovered evidence. The granting or refusing of a new trial on the ground of newly-discovered evidence is a matter which rests largely in the sound discretion of the trial court. *Birdsall v. Fraenzel,* 154 Wis. 48, 142 N. W. 274. The court having fixed the amount of the damages at the lowest amount which in its opinion a jury properly instructed would return, there is little room for saying that if a new trial were granted the result would be a still further reduction of the damages. The nature of the newly-discovered evidence being such as would affect the question of damages only, it cannot be said under the circumstances of this case that there was an abuse of discretion in denying defendant's motion.

*By the Court.*—Judgment affirmed.