BIRNAMWOOD OIL COMPANY, INC., Respondent, v. ARROW-
HEAD ASSOCIATION, INC., and others, Appellants.

*October 30—November 28, 1961.*

For the appellants there were briefs and oral argument by *Ken Traeger* of Gresham.

For the respondent there was a brief by *Whiting & Whiting* of Antigo, and oral argument by *James H. Whiting* and *A. N. Whiting*.

HALLOWS, J. The first issue raised by the defendants is whether, in an action for a deficiency judgment on the sale of personal property under a chattel-mortgage foreclosure, the defendants can plead an offset for damages caused by the negligence of the plaintiff in permitting the property to depreciate while in the possession of the plaintiff.

The defendants also contend the court erred in excluding evidence to prove such damage and rejected their offer of proof. The plaintiff argues the issue is not before the court because the answer did not allege any negligence, fraud, or conversion on the part of the plaintiff, that there was no counterclaim for damages, and the defendants did

not offer to prove any negligence on the part of the plaintiff or show any loss, injury, or destruction to the mortgaged property.

In its answer, the appealing defendants alleged, in an affirmative defense:

"(7) That prior to the aforesaid sale and while the trailers were in the possession of the plaintiff their functional appearance and apparent value were depreciated by reason of the loosening of lug bolts on the tires of some of them and the substitution of some of them with lower grade and worn tires, thereby discouraging higher bids and depreciating the fair value of the equipment;

"(8) That the deficiency if any resulting from the sale was artificially created by the plaintiff by reason of its improper and unlawful and wrongful conduct."

There is authority for the proposition that any loss, injury, or destruction of mortgaged property while in the possession of the mortgagee, occurring through his neglect, will render him liable for damages or for a conversion. 14 C. J. S., Chattel Mortgages, p. 795, sec. 186. We see no reason why such a claim may not be asserted as an offset in a suit for a deficiency judgment.

However, the pleading falls short of alleging facts constituting negligence on the part of the plaintiff. The allegation concerning the alleged artificially created deficiency is a conclusion that some unalleged conduct was improper, unlawful, and wrongful. But assuming the pleading is sufficient to present the issue which the defendants contend is raised, the offer of proof is insufficient. Defendants, over the objection of the plaintiff, offered to prove that at the time of the repossession of the trailers, four of the five trailers had good usable tires which were recappable. However, there was no proof or offer of proof that at the time of the sale the tires or some of them, then on the trailers, were not the same tires which were on the trailers at the

time of repossession. Nor was there any proof or offer of proof, assuming tires were substituted, that such substitution was done by the plaintiff or because of its negligence in the care of the trailers. The defendants in their brief state:

"Defendant was prepared to prove that the trailers had been depreciated. Once this was proved, it would then be incumbent upon the plaintiff to deny that he did it or that it occurred as a result of a fault on his part."

In this respect, the defendants are in error. It was incumbent upon them and they had the burden of proving plaintiff was negligent in the care of the trailers or had wilfully changed the tires and such change depreciated the value of the trailers.

The second issue is whether the plaintiff converted the trailers by its conduct during the sale. The facts concerning when the private sale by the plaintiff took place were in dispute. It is contended by the defendants a conversion of the trailers took place because during the sale, Richard Nissen bid $950 for one of the trailers, which was the highest bid, and immediately thereafter he was approached by Remington, the owner of all the stock of the plaintiff, and advised he could not have the trailer for that price because Remington was going to bid for the entire lot of trailers at one price and Richard Nissen then agreed to purchase the trailer for the sum of $1,150. Nissen, at the trial, testified he had talked to Remington before the close of the sale and was undecided whether he would purchase the trailer or not and that he and his wife drove off in his car to look at the trailer which was then on a lot next to the courthouse. He and his wife then returned to the premises of the Arrowhead Association, Inc., where the sale was taking place on the last two trailers. After plaintiff had purchased the trailers, Nissen made a purchase of the

trailer. Remington's testimony is substantially to the same effect. On cross-examination, Nissen was confronted with an unsworn statement he had made prior to the trial in which he stated the sale of the trailer took place during the auction and before its completion. Nissen repudiated this statement by saying it had been written up by the defendant Mrs. Sweet and he had signed the statement without reading it. The trial court believed Remington's and Nissen's testimony. On that basis, no conversion could have taken place. As the record stood, the trial court's finding is not against the great weight and clear preponderance of the evidence.

The defendants further argue that if the plaintiff was negotiating a private sale before the auction sale was over and had completed the sale to Nissen immediately after he had purchased the trailers, the auction sale was void because the plaintiff did not act in good faith in an attempt to get the best price for the defendants. In the exercise of his power of sale, a mortgagee must deal fairly and justly with the property and in selling it for a fair and adequate price. *Schwemer v. Citizen's Loan & Investment Co.* (1937), 225 Wis. 46, 272 N. W. 673; *Boyd v. Beaudin* (1882), 54 Wis. 193, 11 N. W. 521; *Kellogg v. Malick* (1905), 125 Wis. 239, 103 N. W. 1116; 14 C. J. S., Chattel Mortgages, p. 795, sec. 186. At the time of negotiation between Remington and Nissen, Nissen had already made the highest bid on the property. There is no evidence that Nissen's bid was influenced by the negotiations. Nissen testified he had no intention of bidding on all the trailers as a lot. While it might be true, Nissen would have bid more for the single trailer if someone had continued the bidding, it was not the duty of the plaintiff to bid but to offer the property for sale fairly so that a fair and adequate price would be obtained.

The test is whether the final bid for all the property was reasonable and fairly arrived at and represented the reasonable value of the property. The auction was attended by 30 to 40 people. All the bidders at the sale testified and none of them stated the amount of the bids was out of line with the value. While this evidence is not entirely satisfactory, there is no evidence in the record of any other value of the property. In the absence of proof the mortgagee depressed bidding or by its conduct prevented the attainment of the highest price for all the property which those in attendance were willing to bid, we cannot hold the sale unfair because the mortgagee, having purchased all the property in one lot after individual bids were taken on each item, sold shortly after the public sale one of the items to the highest bidder on that item for more money than the purchaser had bid for it.

Lastly, the defendants contend they should have been granted a new trial on the grounds a fraud was perpetrated on the trial court, surprise, and newly discovered evidence. The motion on these grounds was made on May 28, 1960, the trial having been concluded on May 6th. However, findings of fact were not signed until September 19, 1960, and the judgment entered on September 23d. The motion was heard on December 22, 1960, and denied. At the time the motion was heard, the plaintiff and the court took the position that sec. 270.49, Stats., applied, requiring a motion after verdict be made and heard within sixty days. That section has no application to this case. There was no verdict. The motion was, however, timely under sec. 269.46, because notice of entry of judgment was not served until December 22, 1960, the date of the argument on the motion.

Defendants contend the defendant Cofer, who has not appealed, did not show up for the trial. Cofer had put in an answer and was represented by counsel who likewise

did not appear. After the trial, the defendants contend they discovered that Cofer did not appear because he was informed by counsel for the plaintiff he did not need to appear since the plaintiff was only interested in getting judgment against the defendants Sweet. The affidavit of Mr. Cofer is submitted. Counteraffidavits by plaintiff's attorneys in opposition to the motion dispute this contention. These affidavits disclose that counsel for Cofer appeared at the pretrial conference and had written Cofer to appear at the trial. Cofer knew the date of the trial.

The materiality of Cofer's affidavit, based partly on hearsay, is to the effect the sale between Remington and Nissen took place in Nissen's car prior to the completion of the foreclosure sale and he had called the matter to the attention of plaintiff's attorney who was conducting the sale. The affidavit of the plaintiff's attorney states, in effect, that Cofer called the fact that Remington and Nissen were negotiating to his attention, that a conference was held between Remington and counsel, and Remington was instructed that no sale could be made to anyone until and unless the plaintiff purchased the trailers. The affidavit of Remington was to the effect that no sale was made until after the plaintiff had purchased the trailers. While the proposed testimony of Cofer, if accepted, would raise some doubt as to the truthfulness of the testimony of Nissen and Remington of when the sale took place, there is no showing by the defendants that this evidence could not have been discovered prior to trial. The defendants and Cofer were both contesting the action and ordinary preparation for trial would have disclosed such evidence within the personal knowledge of one defendant.

Defendants claim on the affidavit of Mrs. Sweet that the attorneys for the plaintiff knew of the alleged sale from Remington to Nissen at the time of the trial and, therefore, in permitting Remington and Nissen to testify the sale took

place after the completion of the action was a fraud on the court. This charge assumes the truth of Cofer's affidavit, which apparently the trial court did not believe.

Appellants also rely on the ground of surprise resulting from the testimony which Richard Nissen gave at the trial contradictory to his signed but unsworn statement. It is true, Mr. Nissen was ill from a heart attack. Counsel states he was unable to interview him before trial and it was agreed he would appear at the trial, barring complications, but did not feel like talking before the trial. Both the plaintiff and the defendants subpoenaed him as a witness. Appellants claim surprise when Nissen took the stand for the plaintiff and changed his story. However, counsel had an opportunity and did cross-examine Nissen. The surprise shown by the defendants is not the type of surprise which warrants the granting of a new trial in the interest of justice. *Becker v. La Crosse* (1961), 13 Wis. (2d) 542, 109 N. W. (2d) 102.

One of the conditions constituting grounds for new trial on the basis of newly discovered evidence is the affidavits must show facts which negate fault on the part of the person seeking a new trial and that due diligence was used to secure the evidence before the trial. General affirmance of diligence is insufficient. *Estate of Eannelli* (1955), 269 Wis. 192, 68 N. W. (2d) 791; *Estate of Teasdale* (1953), 264 Wis. 1, 58 N. W. (2d) 404.

It is within the discretion of the court to grant a new trial on the ground of newly discovered evidence. *Gray v. Gray* (1939), 232 Wis. 400, 287 N. W. 708; *Foreman v. Milwaukee E. R. & L. Co.* (1934), 214 Wis. 259, 252 N. W. 588. The trial court considered the showing for a new trial did not meet the standard, and we are not convinced the new evidence would probably affect the result or that the court abused its discretion.

*By the Court.*—Judgment affirmed.